LAURA R. STINSON *et al.*

*v.*

REBECCA ANDERSON *et al.*

*Filed at Mt. Vernon October 2, 1880.*

1. SUBROGATION—*in favor of widow paying debt secured by trust deed.* Where a widow, after the death of her husband, pays off a debt secured by a deed of trust given by the husband, and takes a release of the trust deed, the deed being a valid lien, and thereby preserves the property, she will have the right to foreclose the same for her own benefit.

2. DELIVERY *of a deed.* Where the delivery of a deed, though to a stranger, for the benefit of the grantee, is absolute, it is good, but if a future control over the deed is reserved by the grantor, no estate passes.

3. Where a grantor, after acknowledging a deed conveying his land to his three minor children, left the same with the acting magistrate requesting him to keep it for the grantor, saying if he wanted it he would call and get it, but if he should die, requesting its delivery to the grantees or their guardian, and after such deposit of the deed the grantor and his wife executed a mortgage on the same lands to a third person, it was *held,* that this latter act was equivalent to a withdrawal of the deed for the purpose of making the mortgage, and there being no subsequent act of the grantor showing an intention to make an absolute delivery, no title passed by the deed to the grantees.

APPEAL from the Circuit Court of Hamilton county; the Hon. C. S. CONGER, Judge, presiding.

Mr. WILLIAM HAMILL, and Mr. T. B. STELLE, for the appellants:

In favor of the delivery of the deed, see *Bryan et al.* v. *Wash et al.* 2 Gilm. 557; *Souverly* v. *Arden,* 1 Johns. Ch. 256; *Clovering* v. *Clovering,* 2 Vern. 473; *Broughton* v. *Broughton,* 1 Atkins, 625; *Johnson* v. *Smith,* 1 Ves. 314; *Bunn* v. *Winthrop,* 1 Johns. Ch. 336; *Stone et al.* v. *Duval et al.* 77 Ill. 475; *Reed* v. *Douthit et al.* 62 id. 348; Shepard's Touchstone, 58; *Rivard et al.* v. *Walker et al.* 39 id. 414; *Masterson* v. *Cheek,* 23 Ill. 72.

After the deed was executed by the grantor Yates, and delivered to the justice in escrow, the subsequent acts of the grantor, such as borrowing money and giving a trust deed on the land to secure the same, and representing the title of record to be in the grantor, can not defeat the deed. *Stone et al.* v. *Duval et al.* 77 Ill. 475; *Masterson et al.* v. *Cheek et al.* 23 Ill. 72; *Bryan et al.* v. *Wash et al.* 2 Gilm. 567; *Villers* v. *Beaumont,* 1 Vern. 100; *Ball* v. *Newton,* id. 464.

Mr. JOHN C. HALL, for the appellees :

Did Yates intend, at the time he left the deed with Atchison, that it should be absolutely his deed, and did he thereby lose control of it? If he did not intend it as his absolute deed, and the same was subject to his future control, no title passed by the deed. *Maynard* v. *Maynard et al.* 10 Mass. 455; *Church* v. *Gilman,* 15 Wend. 663; *Bryan* v. *Wash,* 2 Gilm. 566; *Wiggins* v. *Lusk,* 12 Ill. 132; *Masterson et al.* v. *Cheek,* 23 id. 72; *Gunnell et al.* v. *Cockerill,* 79 id. 79; *Crocker* v. *Lowenthal,* 83 id. 569.

As to the authorities cited for appellants, none of them, so far as I have been able to discover, contravene the doctrine laid down in the authorities above cited. In fact, I believe that counsel, in the main, agree upon the law in this regard, but differ in our conclusions after making an application to the facts in the case at bar. Most, if not all the authorities foreign to this State, cited by appellants' counsel, have been reviewed by this court, and the legal principles governing a valid delivery of a deed declared, as above set forth. *Herbert* v. *Herbert,* Breese, 282; *Hullick* v. *Scovil,* 4 Gilm. 159; *Price* v. *Pittsburg, Ft. Wayne and Chicago Railroad Co.* 34 id. 34; *Rivard* v. *Walker,* 39 id. 414.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was brought by the widow and one of the heirs of John W. Yates, deceased, against the other heirs, for partition and dower in the lands of which, it is alleged, he died

seized.   No question is made that prior to the marriage of
decedent with demandant he was the owner in fee simple of
the lands which are the subject of this litigation.   Just prior to
their marriage decedent made a deed for this land to his
children by a former marriage, and left it with the magistrate
before whom it was acknowledged, to be delivered to them
after his death.   The deed to the heirs bears date September
27, 1871, and shortly after that date the parties were mar-
ried.

On the 8th day of January, 1876, decedent made a trust
deed on the property to secure a note given for borrowed
money, in the execution of which complainant joined.   That
note was not paid by decedent, but after his death complainant
paid it and took a release of the trust deed in the name of
the grantor.   The bill alleges these facts, and asks a fore-
closure of the trust deed for the benefit of complainant pay-
ing the same.   By his marriage with complainant decedent
had one child, who joins in that part of the bill that seeks a
partition, and claims an equal share with his other children
in his lands.   On the hearing the court decreed relief as
prayed, and the defendants bring the case to this court on
appeal.

As respects that part of the decree which gives a fore-
closure of the trust deed for the benefit of complainant, there
can be no question made as to its correctness.   The trust deed
was a valid lien on the land, and the payment by complainant
of the debt secured preserved the property for the benefit of
the parties legally entitled to it.   It is but just she should
first have back the money she paid to preserve the estate, and
the decree in that regard is eminently proper.

The principal argument is made on the other branch of
the case, viz: whether the deed of September 27, 1871, made
by decedent prior to his marriage with complainant, passed
the title to the land to his children by a former marriage.
It is clear it did not, for the reason it does not appear the

deed was ever unconditionally delivered for the use of the grantees. The law in relation to the delivery of such instruments, to make them effective, is so well understood there need now be no discussion of it, and we will do no more than state the general propositions. When the delivery, though to a stranger, for the benefit of the grantees, is absolute, it is good, but if a future control is retained over it, no estate passes. Applying that general principle to the facts of this case, it presents no difficulty. When decedent acknowledged the deed, he left it with the acting magistrate, and added: "I want you to take it and take care of this deed for me. If I want it, I will call and get it; if I die, or anything serious should happen to me, I want you to deliver it to my children, if of age. If they are not of age, then to deliver it to their guardian, for I want my three children to have the benefit of their mother's labor." It seems plain there was no absolute delivery of the deed, such as the law requires to pass the title to the grantees. This is manifest from the language used. The custodian was to keep the deed for the grantor, and if he should want it, he would "call and get it." Afterwards, as is conceded, he mortgaged the land to secure borrowed money, his wife joining with him in the execution of the mortgage. That was long after the deed had been deposited with the magistrate. The act done was equivalent to a withdrawal of the deed for the purpose of mortgaging the land. No subsequent act of the grantor indicates any purpose to suffer the deed to remain with the magistrate as an absolute delivery to the grantees or for their use. He never elected that the deed should pass beyond his control. On depositing it with the magistrate, the right was expressly retained to "call and get it" if he wanted it. That right he never surrendered. All the acts of the grantor are inconsistent with the theory there had been an absolute delivery of the deed in escrow, to take effect upon his death. It was under his control all the time.

What was done was not, in law, a sufficient delivery of the deed to pass the title of the land to the grantees named, and the decree is right, and must be affirmed.

*Decree affirmed.*