NICHOLS SHEPARD CO. *vs.* JOHN E. PAULSON & BRO.

Opinion filed April 23rd, 1897.

**Executory Contract of Sale—Title Passes on Delivery.**

Under an executory contract by which a vendor agrees to sell and deliver to the vendee certain personal property, and the vendee agrees, as a part consideration therefor, to deliver to the vendor certain personal property then owned by him, no title to property passes either way until the acceptance by the vendee of the property specified in the contract.

**Refusal to Accept Property Mere Breach of Contract.**

Where, in such a case, the vendee, when such property is subsequently tendered, wrongfully refuses to accept the same, such refusal may constitute a breach of the contract, but it gives the vendor no title to the property that was to be delivered in part payment of the property refused.

**Unauthorized Delivery by Agent.**

Where an agent of the vendor makes a conditional delivery of property to the vendee, when, to the knowledge of the vendee, he had no authority so to do, the vendor may immediately retake the property; but he cannot convert such unauthorized conditional delivery into an unconditional delivery, so as to pass the title to the vendee.

**Estoppel.**

Where the vendee of personal property, who has received the same conditionally, returns said property, as not complying with the conditions, and the vendor subsequently sells such property to a third person, he cannot claim that there was such a delivery to and acceptance by the first vendee as passed the title to him.

Appeal from District Court, Traill County; *McConnell*, J.

Action by the Nichols & Shepard Co., against John E. Paulson, and A. E. Paulson, co-partners as John E. Paulson & Bro. Judgment for defendants, and plaintiff appeals.

Affirmed.

*William C. Resser* (*Arthur B. Wright* of counsel), for appellant. *Carmody & Leslie*, for respondents.

BARTHOLOMEW, J. This action was in claim and delivery, and involved the possession of a certain steam threshing engine. The case was tried to the court; judgment for defendants; and plaintiff appeals. The case is here for trial *de novo*. The facts as we

find them, so far as may be necessary to a decision of the case, are as follows: One Spearing contracted with plaintiff for the purchase of a steam threshing outfit. As a part of the consideration therefor, Spearing was to deliver to plaintiff the engine in controversy. The first question in the case is whether or not the said engine was in fact delivered by Spearing to plaintiff or its agents. There was a dispute between Spearing and the plaintiff as to the terms and conditions upon which Spearing was to receive the threshing outfit from the plaintiff, the same controversy that is mentioned in the case of *This Plaintiff v. First Nat. Bank of Hillsboro*, (decided at this term) 71 N. W. Rep. 135, and which we restate briefly. Spearing and one Downer, the general agent of plaintiff, negotiated for such sale at Fargo. At that time, which was in May, 1895, one of the printed contracts of the character generally used by machine companies, and embracing an order for the machine, with the amount and terms of payment and the usual conditional warranty of the machinery, was filled out and signed by Spearing, and left with the general agent. The plaintiff claims that this contract at once became effective, and that the machinery was subsequently forwarded in pursuance thereof. Spearing, on the other hand, claims that it was expressly agreed between himself and the general agent that the contract should not be considered as delivered, but that it should be placed in the First National Bank of Hillsboro, and, when the machinery arrived, Spearing should take the same, and try it for 10 days, and, if on such trial it proved satisfactory, then the contract should be delivered, and the machinery paid for in accordance with its terms. If the trial was unsatisfactory, Spearing should return the outfit. The local agents for plaintiff at Hillsboro were Henry & Murphy, and these local agents first talked with Spearing about the purchase. Mr. Murphy was also running a shop, in connection with his brother, for repairing machinery. Prior to the arrival at Hillsboro of the threshing rig sent by plaintiff, Spearing brought the engine in controversy to town, and

N. D. R.—26

delivered it at Murphy's shop. It was claimed by plaintiff that this constituted a delivery to them, Murphy being one of their agents. Henry testifies that, prior to the time the engine was so left, he stated to Spearing that he was going to send out for the engine, and Spearing replied that he need not do so, as he (Spearing) would bring it in for a consideration. Subsequently, as Henry testifies, the engine was delivered by Spearing at Murphy's shop, Henry & Murphy having no particular place of business. No other or different delivery of the engine to plaintiff is claimed. Spearing testifies that he did not deliver the engine to plaintiff, or have any intention so to do; that he delivered it to Murphy, for the purpose of having certain repairs made thereon, in order to have it ready for use for himself in case the engine that he had contracted for from plaintiff should prove unsatisfactory. Mr. Murphy, who was one of plaintiff's agents, also testifies that Spearing delivered the same to him for the purpose of having it repaired; that he did so repair it, and charge the repairs to Spearing. It is proper to add that Spearing directly contradicts the statements of Henry as to any conversation about delivering the machine to plaintiff. In this condition of the evidence, it seems clear to us that the finding of the trial court that the engine in controversy never was delivered to plaintiff has full support in the evidence.

When the machinery forwarded by plaintiff for Spearing reached Hillsboro, Spearing refused to receive the same, except conditionally upon trial, in accordance with what he swears was the oral contract with the general agent. Plaintiff claims that the general agent had no authority to make such contract, as Spearing well knew, by direction to agents printed upon the contract which he had signed. We may grant that to be true. Nevertheless, the fact remains that Spearing refused to receive the outfit upon any other terms than upon trial. If the contract that he had signed and left with the general agent had been in fact delivered, so as to become operative, then this refusal was a direct breach of such contract. Such contract was executory,

and no title to the property passed until the buyer accepted it. Rev. Codes, § 3553. The refusal to accept may have given plaintiff a right to recover damages, but the property remained the property of the seller, and the title to the second hand engine that was to be given in part payment remained in the buyer. These conditions existing, the local agents delivered the outfit to Spearing upon trial, in accordance with what he insisted was the contract. Such delivery was, of course, conditional, and passed no title. Plaintiff insists that the local agents were, to the knowledge of Spearing, unauthorized to make such conditional delivery. This may be granted. It may be true that plaintiff might have retaken the outfit immediately upon such delivery. But that fact could not convert the conditional delivery which was made into an unconditional delivery that was not made. It could not cast upon the buyer title to property that he refused to accept. The title both to the threshing outfit and the second hand engine remained just as it was prior to such conditional delivery. The second hand engine still belonged to Spearing. The machinery proved unsatisfactory, and Spearing returned it to the local agents after a trial of four or five days. He then purchased another outfit from the defendants, John E. Paulson & Bro., and, as part payment therefor, delivered to them the second hand engine. It was his property, and his sale and delivery to said defendants gave them the legal title thereto. Plaintiff had no title to the engine, and no right to disturb the possession of the defendants. As we read the record, plaintiff must have understood its rights to be as above stated, and not otherwise, because it appears that subsequently plaintiff sold the machinery, or a part of it, returned by Spearing, to a third party. This it had a right to do, on the the theory that Spearing had wrongfully refused to accept the same. But if Spearing had accepted, so as to vest the title in him, it had no such right; and it is only on the theory that he had so accepted the machinery that plaintiff can claim any right to the second hand engine.

The judgment of the District Court is made the judgment of this court, and will be enforced accordingly.

Affirmed.   All concur.