(71 N. W. Rep. 136).

---

NICHOLS & SHEPARD CO. *vs.* FIRST NATIONAL BANK
OF HILLSBORO.

Opinion filed April 23rd, 1897.

**Escrow—What Constitutes—Title to Notes.**

> Where promissory notes were placed by the parties thereto in the hands of a third party, with instructions not to deliver the same until the maker so directed, the transaction did not constitute an escrow. The notes still remained in the control of the maker. There was no delivery in law, and no title to the notes vested in the payee.

**Replevin Will Not Lie Against Depositary—When.**

> The maker of the notes having directed such third party not to deliver the notes, replevin therefor by the payee named therein against such third party would not lie.

Appeal from District Court, Traill County; *McConnell,* J.

Petition by the Nichols & Shepard Company against the First National Bank of Hillsboro. Judgment for defendant, and plaintiff appeals.

Affirmed.

*William C. Resser,* (*Arthur B. Wright,* of counsel), for appellant.
*Carmody & Leslie,* for respondent.

BARTHOLOMEW, J. This action was in claim and delivery for the possession of three certain promissory notes that were in the hands of the defendant bank, and the title to which is claimed by the plaintiff. The case was tried to the court without a jury. The defendant prevailed. The case is brought here for trial *de novo.* We do not find it necessary, in the decision of the case, to follow the wide line of argument made by counsel. The facts, as

we find them, necessary for an understanding of the case, are as follows: Some time in the month of May, 1895, the plaintiff, through its agent at Fargo, one Downer, entered into an arrangement with one Spearing, for the purchase by Spearing from the plaintiff of a steam threshing outfit. At that time a contract embracing an order for the machine, with the usual extended contract of warranty on the part of the plaintiff, was signed by Spearing and delivered to the general agent. Spearing claimed, as he now swears, that, while the contract was placed in the possession of the general agent, it was with the express understanding that it should not be held or understood as a delivery, but that the contract was to be placed with the defendant bank, and not to be delivered until after the receipt and trial by Spearing of the threshing outfit. This agreement, it is claimed by plaintiff, was beyond the authority of the general agent, as clearly appeared by the terms of the instrument Spearing had signed. The consideration for the purchase of the threshing machine was the delivery by Spearing to plaintiff of a certain second-hand threshing engine then owned by Spearing, and three several notes, aggregating about $2,200, to be executed by Spearing. Subsequently, and in July, 1895, the threshing rig mentioned in the contract was forwarded by the plaintiff to Hillsboro, N. D., that being the residence of Spearing. When the property was tendered by the local agents of the plaintiff to Spearing, he refused to execute and deliver his notes for the purchase price until he should have tried the machine, in accordance with what he declared to be the understanding with the general agent. An agreement was reached between plaintiff's local agents and Spearing whereby Spearing, with one of the local agents, went to the defendant bank, where the three notes were filled out and signed by Spearing, and, in the presence of the local agent, delivered to the cashier of the bank, with instructions that the notes were not to be delivered until both parties so directed. The trial of the threshing rig by Spearing proving unsatisfactory to him, he returned the rig, and notified the cashier not to deliver

said notes. Plaintiff demanded the notes of the bank, and, upon a refusal to deliver them to the plaintiff, this action was brought.

We shall not, in this opinion, enter into any discussion whatever as to the respective rights of plaintiff and Spearing. As we view it, the case stands in this condition: At the time of the delivery of the threshing rig, Spearing refused—whether rightly or not, we do not say—to execute and deliver his notes; and, as we have seen, the notes, after being signed, were placed in the hands . of the bank. Counsel for appellant designate this as placing the notes in escrow. We do not so understand the transaction. Where documents are placed in escrow, the grantor or maker loses all control over them. They are simply left to await the happening of some event, or the fulfillment of some condition, the performance of which rests entirely with the other party. The grantor or maker cannot recall the escrow, nor can he in any manner control the document. 6 Am. & Eng. Enc. Law, p. 863; *James* v. *Vanderheyden*, 1 Paige, Ch. 385; *Campbell* v. *Thomas*, 42 Wis. 437; *Fitch* v. *Bunch*, 30 Cal. 209; *State* v. *Thatcher*, 41 N. J. Law, 403; *Stinson* v. *Anderson*, 96 Ill. 373; *Wellborn* v. *Weaver*, 63 Am. Dec. 235. The undisputed evidence shows that such was not the case in this instance. The notes, as both parties swear, were not to be delivered unless Spearing so directed. Practically, then, the notes remained in Spearing's control, to the same extent that they would have been had he signed them and kept them in his own personal possession. There was no delivery of the notes, no passage of title thereto. This refusal of Spearing may have been unwarranted, and he may have subjected himself to an action for damages by said refusal. But the fact that plaintiff had a legal claim upon Spearing for the notes was not of itself sufficient to vest the title to the notes in the plaintiff. It is one of the plainest and most elementary principles of law that there can exist, as between the parties, no valid promissory note without execution and delivery. It follows, therefore, that as plaintiff had no title to the notes, and the same were in the possession of the defendant as agent for the party

who signed them, with positive instructions not to deliver, that defendant's possession was entirely lawful, and could in no manner be disturbed by the plaintiff. The judgment of the District Court is made the judgment of this court, and will be carried into execution accordingly.

Affirmed. All concur.