(80 N. W. Rep. 764.)

---

JOHN E. PAULSON, *et al. vs.* THE NICHOLS & SHEPARD COMPANY.

Opinion filed October 21, 1899.

**Replevin—Conclusiveness of Judgment.**

> A judgment in claim and delivery is conclusive upon both parties thereto as to the right of possession of the property in dispute and the value thereof, and the damages to which the successful party is entitled to the date of the verdict or decision.

**Tender of Property in Satisfaction of Judgment.**

> The sucessful party in claim and delivery may not refuse to receive the property in dispute when tendered in satisfaction of the judgment for value, and at the same time bring an action to recover damages to said property, whether accruing before or after the date of the judgment in claim and delivery.

Appeal from District Court, Traill County; *Pollock,* J.

Action by John E. Paulson and another, as co-partners, against the Nichols & Shepard Company. From a judgment directing verdict for defendant, plaintiffs appeal.

Affirmed.

*Carmody & Leslie,* for appellants.

*W. C. Resser* and *Mills, Resser & Mills,* for respondent.

BARTHOLOMEW, C. J. This case presents some very unusual practice. Plaintiffs and appellants are here claiming a money judgment against the defendant and respondent, and allege as a basis of recovery that, in 1895, the respondent brought an action in claim and deliverey against appellants to recover possession of a certain steam engine; that in that action the engine was taken from the possession of the appellants, and delivered to respondent; that the trial of the action resulted in favor of the appellants; that appellants recovered judgment for $50 damages and certain costs, and the judgment also provided that appellants recover from respondent "that certain Buffalo Pitts sixteen horse power steam engine number 1890," or, if the same could not be delivered in as good condition as the same was at the time of the taking, appellants shoud recover from respondent the sum of $600, with interest, etc.; that subsequently the respondent here appealed that case to the Supreme Court, where it was affirmed, and in due time the remittitur was sent down. Thereafter this respondent paid the dam-

ages and costs, and tendered the engine to appellants, but appellants refused to receive the same, because it was not in as good condition as when taken from them.   They then issued execution on the judgment, reciting its terms, and directing the sheriff to return the engine to appellants if the same could be returned in as good condition as when taken from them, and, if not, then to satisfy the execution from respondent's personal property.   The sheriff seized the engine, but made return that he could not return it to appellants in as good condition as when taken from them, and thereupon he proceeded to sell the engine under the execution, and applied the proceeds thereon, and returned the same satisfied pro tanto.   The complaint alleges that the said engine, when seized in the original action, was of the value of $600, as shown by the pleadings in that case and found by the Court; that when the return of the same was tendered, and when it was seized by the sheriff, it was of the value of $200, and no more; that respondent had damaged the same after the trial of the original action in the District Court, and before the same was tendered to appellants.   Judgment is asked for the sum of $400, with interest and costs.   The answer tenders no issue of fact, save as to the question of damages.   There was a trial before the Court and a jury, and a directed verdict for respondent.

Upon just what theory the Court directed a verdict we are not clear, nor is it material.   In our judgment, appellants were not entitled to a recovery upon any theory of the case.   Their complaint did not state a cause of action, even had the proposed amendment been allowed.   That amendment set forth the fact that on the trial of the original action, when these appellants reached the point where they desired to prove damages by reason of the deterioration of the engine, the counsel for the respondent stated, in open court, that no such proof need be made, because respondent had sold the engine, and could not return the same, but that if appellants obtained a judgment for value it would be paid in money, and there agreed that, if appellants obtained judgment, $50 might be allowed as damages for detention, and that, by reason of such statement so made in open court, no proof of damage to the engine was offered. It is true, also that the evidence in this case shows that the engine had been sold by respondent, but before the case was returned from the Supreme Court it had been taken back under a chattel mortgage, and thereafter a tender was made.   But, however persuasive these facts might be in some other form of action, they have no relevancy here.   The former judgment settled the rights of these parties respecting that engine.   On the appeal to this Court (6 N. D. 400, 71 N. W. Rep. 136) no question was made on the form of the judgment.   Each party was satisfied therewith, and each party must abide thereby.   It is perhaps true that, under the record in that case, no alternative judgment for the return of the property was required.   Shinn, Repl. § 664.   And it may be true, also that if the informality in the judgment was caused by respondent's

wrong, it can take no advantage of it. Id. § 658. But these matters are not before us. Appellants proceed upon the theory that no tender of the engine has been made under the terms of the judgment. If they are wrong, then their judgment has been satisfied by the tender; if they are right, they can proceed to satisfy their judgment by execution. If they are entitled to any judgment, they already have it, upon their own showing, and are not entitled to another. They cannot refuse to accept or receive the property under the judgment, and at the same time recover for damages accruing thereto, either before or after the rendition of the original judgment. Affirmed. All concur.