(87 N. W. Rep. 980.)

---

NICHOLS & SHEPARD CO. *vs.* JOHN E PAULSON, *et al.*

Opinion filed Nov. 6, 1901.

**Judgments—Collateral Attack.**

Judgments which are merely erroneous, and not void, are binding
upon the parties thereto until reversed or modified, and cannot be
impeached collaterally.

**Claim and Delivery—Form of Judgment.**

A judgment in claim and delivery, awarding the return of a certain
threshing engine to the defendants, contained this condition: "If the
same cannot be delivered to the defendants in as good condition as
the same was at the time of the taking thereof, that the defendants
recover of plaintiff the sum of $600"—and also gave $50 damages for
the taking and detention. *Held,* that such judgment is not void, and
that a tender of the engine to defendants two years after the same
was taken from them, in a condition materially worse in substantiated
particulars than when taken, did not have the effect of satisfying the
judgment.

**Judgment for Return or Value and Damages.**

Under the statutes of this state, a defendant from whom property
has been taken in a claim and delivery action, when he prevails, may
recover judgment (1) for a return of the property, or its value, in
case a return cannot be had, and (2) damages, if any are shown, for
the taking and detention by plaintiff. The right to have his prop-
erty or its value, and the right to recover damages for the wrongful
taking and detention, are separate rights. It is therefore *held* that
the fact that the defendants claimed and were awarded damages for
the taking and detention of the engine in the judgment does not
impair their right to recover the property or its value, also given
by the judgment.

Appeal from District Court, Traill County; *Pollock,* J.

Action by Nichols & Shepard Company against John E. Paul-
son and A. E. Paulson. Judgment for plaintiff. Defendants appeal.
Reversed.

*John Carmody* and *C. E. Leslie,* for appellants.

*Turner & Lee,* for respondent.

YOUNG, J. The defendants have appealed from a judgment ren-
dered by the district court of Traill county, canceling a judgment
in claim and delivery formerly rendered in the action, which judg-
ment so cancelled was in defendant's favor, and awarded to them
the return of a certain threshing engine involved in the action, or
its value, together with damages for the taking and detention, and
for costs. To avoid confusion, it is proper to state that the judg-
ment vacated and judgment here appealed from were both ren-
dered in the same action, namely, in the claim and delivery
action above entitled. While it is true the judgment appealed
from is prepared with the formalities of a judgment in a civil
action, and was entered as such by the clerk of said court in
the judgment book, and is based upon findings of fact and con-
clusions of law made by the trial judge, yet it is in legal effect
a mere order in the action made after judgment, and will be
treated as such. The proceedings which culminated in this
so-called "judgment" were initiated by an affidavit entitled
in the action, and presented to the district judge, setting forth that
defendants had caused a levy to be made upon its property under an
execution issued on said claim and delivery judgment, and were
about to sell the property so levied upon, and that said plaintiff had
paid and satisfied said judgment by returning and tendering to said
defendants the engine awarded to the defendants by said judgment,
and had also paid all costs adjudged against them. Upon this affi-
davit the district judge ordered the defendants to show cause before
the court "why the judgment in the action should not be discharged
and satisfied of record, and restitution made to said plaintiff of that
certain personal property now in the hands of the sheriff of said
Traill county under an execution issued in said cause." On the
hearing, oral evidence, also evidence in the form of affidavits, was
offered both in support of, and in opposition to, plaintiff's appli-
cation to cancel the judgment. On April 2, 1901, thereafter the court
made and filed findings of fact and conclusions of law, and directed
the entry of a judgment canceling said judgment and for costs, in
pursuance of which direction the judgment here in question was
entered. All of the evidence and papers upon which the order of
the trial judge was based are before us on this appeal in a statement
of case properly settled.

The sole ground of plaintiff's application to vacate and cancel
said judgment is that it had satisfied the same by a tender of the
engine to defendants, and had paid or tendered all costs and dam-
ages adjudged against it in the action. It is obvious that, if such a
tender was made as would in law satisfy the conditions of the
judgment awarding a return of the engine to the defendants, they
could not arbitrarily refuse to receive it, and proceed to enforce pay-
ment of the alternative money judgment for its value. If the tender
was sufficient, the order of the trial judge canceling the judgment
was proper, and should be sustained. But if, on the other hand,
the tender was not sufficient in law or fact, the defendants were

not bound to receive it, and such tender did not satisfy the judgment, and the order would in that event be erroneous. It is apparent, from what has already been stated, that the decisive question is the sufficiency of the alleged tender. Before discussing this qustion it is necessary to state some preliminary facts.

On August 29, 1895, the day the claim and delivery action was commenced, plaintiff took the engine from the defendant's possession in Hillsboro, in said county. Defendants did not rebond. Both parties in their pleadings claimed the ownership and right of possesson of the engine, and alleged that it was of the value of $600. The defendants also alleged that they had sustained damages by reason of the taking and detention by plaintiff in the sum of $200, and demanded judgment for (1) a return of the engine, or for the sum of $600, the value thereof, in case a return could not be had; (2) $200 damages for the detention thereof; and (3) for costs and disbursements. The case was tried before the court without a jury, on August 25, 1896. Thereafter the court made findings of fact to the effect that the defendants were at all times the owners of said engine, and entitled to the possession of the same; that when said engine was taken from defendants it was of the value of $600; that by reason of such taking defendants lost the sale of the same; and that the defendants had been "damaged by the taking of said engine by the plaintiff in the sum of $50." The court further found that after said engine was taken by plaintiff, and before the trial, plaintiff had allowed it to remain exposed to the elements and unprotected during the entire winter of 1895 and 1896, and that it was injured thereby at least to the value of $50. As conclusions of law, the court found that defendants were entitled to judgment against plaintiff for the possession of the engine, "or, if the same cannot be delivered to the defendants in as good condition as the same was at the time of the taking thereof, that the defendants recover of the plaintiff the sum of $600," the value of said engine at the time it was taken from the defendants, "with interest thereon at the rate of 7 per cent. per annum from and after the 29th day of August, 1895," together with the sum of $50 damages and costs and disbursements. Judgment was ordered in accordance with such findings, and on February 12, 1897, the judgment in question was entered, and embraced the particular language of the conclusions of law above quoted. Plaintiff appealed from the judgment, and the same was affirmed by this court. See *Nichols & Shepard Co.* v. *Paulson,* 6 N. D. 400, 71 N. W. Rep. 136.

The alleged tender of the engine was made after such judgment of affirmance, and on July 20, 1897, almost two years after it was taken. It is entirely clear from the record before us that the engine was not in the same condition when it was tendered to defendants as it was when taken from them, and therefore the tender was not sufficient under the terms of the judgment, which required it to be in the same condition as when taken. It was not in the same condition, even at the time of the trial of the action; for the trial

judge found that prior thereto it had been injured by exposure to the elements with a resulting damage of at least $50. So, that, had a tender been made at that time, it would not have been a compliance with the judgment requiring it to be returned in as good condition as when taken. It is also shown that the condition of said engine was materially worse when tendered than it was at the time of the trial. Plaintiff shipped it to Wahpeton, and in August or September, 1896, which was after the trial, sold it to William W. Wallace, who took it 26 miles into the country, and run it for 30 days during the threshing season of 1896, and also used it for about seven days in the spring of 1897. Upon the affirmance of the judgment of the district court by this court the plaintiff took the engine from Wallace, reshipped it to Hillsboro, and made the tender relied upon.

The testimony submitted on the question of the condition of the engine when tendered conclusively shows that it was not in the same condition as when taken from defendants, in numerous and substantial particulars. Some parts were gone, some replaced, and others materially injured by breakage and use. In the opinion of several witnesses, it was not worth more than half as much as when taken from defendants, because of its changed condition. Most clearly it was not in the same or as good condition as when taken from defendants, and was not the property which the court had valued at $600. Under these circumstances, the tender was without effect upon the judgment, for it could only be satisfied by a return according to its terms. Cobbey, Repl. § 1177. The judgment provided that the engine should be in as good condition as when taken, if its return was to defeat a recovery of the value. Such a return was not made. Indeed, it is not claimed that the engine was in the condition required by the judgment. The contention of plaintiff's counsel is that the requirement that the engine should be in as good condition as when taken should not have been inserted, and that the judgment should have been merely for a return of the engine, or its value ($600), in case a return could not be had. Considered merely as a criticism of the form of the judgment, we might agree with counsel. But this would not aid the plaintiff in any way. The judgment is not void. Had the judgment failed entirely to provide for a return, and been for the recovery of the value only, it would not have been void. At most, the inclusion of the condition complained of was merely erroneous. It is the judgment of a court having jurisdiction of the parties and subject-matter, and no attempt has been made to alter or reform it in the particular complained of, and being, at most, erroneous, it is not open to attack or impeachment collaterally. 1 Black, Judgm. § 245.

We had occasion to consider this particular feature of this judgment in *Paulson* v. *Nichols & Shepard Co.*, 8 N. D. 606, 80 N. W. Rep. 765, wherein these defendants sought to recover the value of this engine in an independent action, and thus avoid the tender

here relied upon. A recovery was denied by the trial court, and in affirming the lower court we said, referring to the judgment in question: "The former judgment settled the rights of these parties respecting the engine. On the appeal to this court (6 N. D. 400, 71 N. W. Rep 136) no question was made on the form of the judgment. Each party was satisfied therewith, and each party must abide thereby. It is perhaps true that, under the record in that case, no alternative judgment for the return of the property was required (Shinn, Repl. § 664); and it may be true, also, that, if the informality in the judgment was caused by respondent's wrong, it can take no advantage of it (Id. § 658). But these matters are not before us. Appellants proceed upon the theory that no tender of the engine has been made under the terms of the judgment. If they are wrong, then their judgment has been satisfied by the tender; if they are right, they can proceed to satisfy their judgment by execution; if they are entitled to any judgment, they already have it, upon their own showing and are not entitled to another. They cannot refuse to accept or receive the property under the judgment, and at the same time recover damages accruing either before or after the rendition of the original judgment." The conclusion we reached on the above appeal, in denying these defendants a right to recover, in a separate action, the value of the engine in question, and damages for the taking and detention, was, in effect that both parties were bound by the judgment, and must comply with its conditions. Nothing has been advanced on this appeal to cause us to alter that conclusion, from which it follows that the tender relied upon, not complying with the conditions of the judgment, did not have the effect of satisfying it.

Plaintiff's counsel contend, however, that the judgment, with the objectionable language included in it, is not enforceable, for the reason, as they claim, that it is not a final judgment, inasmuch as the question whether the property can be returned in as good condition as when taken is left undetermined. This contention is without merit. Every alternative judgment in a claim and delivery action had the same uncertainity. It is never known, and in the nature of things cannot be known, when the judgment is rendered, whether the property can be returned. An officer acting under an execution on the judgment in question has a more certain guide as to his duty than if the conditions objected to were omitted; for he is distinctly informed just what kind of a return of the property would satisfy the conditions of the judgment, namely, a return in as good condition as when taken from defendants.

The further claim is made that defendants are estopped from objecting to the condition of the engine, because of "having claimed damages, and having entered a judgment providing for the payment to them of damages for the taking of the engine." We are unable to discover any grounds for invoking the doctrine of estoppel against the enforcement of this judgment. Under the statutes of this state, a defendant in a claim and delivery action, from whom

property has been taken by the plaintiff, when he prevails in the action, is entitled to judgment for two things: First, "a return of the property, or the value thereof, in case a return cannot be had"; and, second, "damages for the taking and detention thereof." See § 5484, subdivision 3, § 5447, Rev. Codes. The right to recover the property taken or its value is entirely independent of the right to recover damages for the taking and detention. The former restores to one from whom his property has been taken the property itself or its value; the latter compensates him for the loss resulting from the wrongful act of taking and the wrongful detention. The rights are entirely independent of each other. Clearly, that part of the judgment awarding damages for the wrongful taking and detention can be satisfied only by payment of the sum there awarded, and it would not be affected or impaired either by a return of the property or payment of its value. Neither, on the other hand, will the payment of the damages awarded for the taking and detention of the property release or affect in any way the other portion of the judgment requiring a return of the property or payment of its value as of the time of the taking, with interest.

As to whether the trial court properly charged the plaintiff with damages for the taking and detention we are not concerned. It is sufficient to say that the judgment awards damages in the sum named, and that it is binding upon both parties. It is entirely clear upon the record presented that the tender of the engine, in the condition it was when tendered, did not satisfy or affect the defendants' rights under the judgment in any way whatever. The trial court erred therefore, in causing the judgment appealed from to be entered, and the same is therefore in all things reversed.

All concur.