THEODORE G. LANGE *et al.*

*v.*

SARAH ANNA CULLINAN *et al.*

*Opinion filed October 26, 1903—Rehearing denied December 9, 1903.*

1. DEEDS—*delivery to grantor's agent is not sufficient.* Delivery of a deed to the grantor's agent without any directions to deliver it to the grantee and after a refusal by the grantor to deliver it to the grantee at the time, does not authorize a valid delivery of the deed by the agent to the grantee after the grantor's death.

2. SAME—*effect of statement in will that deed had been executed.* A statement in a will, executed contemporaneously with a deed, that the deed had been executed, does not show a present intention to pass title to the grantee during the grantor's lifetime and does not aid in establishing a valid delivery of the deed by the agent of the grantor after the latter's death.

3. SAME—*deed must pass beyond grantor's control.* It is essential to a valid delivery that the deed pass beyond the grantor's control and not be subject to his call.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

This is a bill in chancery in the circuit court of Cook county by appellants, as the heirs of Herman G. Lange deceased, against his grantee, Sarah Anna Cullinan, and William J. Waddell, to set aside and cancel a warranty deed purporting to be made by him, in his lifetime, to her, conveying lot 9, in section 3, township 36, range 14, in the town of Dolton, in Cook county. The conveyance is dated June 7, 1900, and the grantor died on the 24th of the same month. The bill alleges that the deed is void for want of delivery, and seeks to cancel the same as a cloud upon complainants' title.

The grantor was a bachelor, and lived and conducted a saloon upon the premises in question. The grantee was his house-keeper, and sometimes tended bar for him. He owned certain other real estate in Chicago and an undivided interest in his deceased mother's estate, also a small amount of personal property. For some time prior to the date of this deed, June 7, 1900, he had been in poor health, and undertook at this time, upon the suggestion of his physician, to make a disposition of his estate. A lawyer was sent for, and in the presence of grantor's sister, Mrs. Emma Lange Grant, and William R. Grant, her husband, and a Mr. Dewess, whom the lawyer had brought with him as a witness, two deeds and a will were prepared. One of the deeds conveyed certain property to Mrs. Grant and her sister, the other being the deed in controversy. The will disposed of the personal property, and contained this clause: "My real estate I have this day disposed of by warranty deeds and shall not be considered as any part of my estate." Mrs. Grant testifies that after the deeds were executed the attorney asked the grantor to whom he should deliver them, and he replied, "Deliver them to Mrs. Grant, but not by all means to deliver the one to Mrs. Cullinan, saying Mrs. Grant was all right;" that he gave Mrs. Grant no directions as to what to do with the deed in controversy, and that he did not tell Mrs. Grant to deliver it to Mrs. Cul-

linan. At the time of the making of the deed Mrs. Culli-
nan was in the house as usual, performing her duties as
his house-keeper, and occasionally came into the room.
Mrs. Grant, for about two months before this, had been
looking after some business for her brother, having
charge of certain property on the west side of the city,
attending to repairs, collecting rents, etc., and from this
day on remained with him practically all the time until
after his death. William R. Grant substantially corrob-
orated the statement made by Mrs. Grant, and says:
"There were two deeds made at the time. One deed ran
to Mrs. Grant and her sister, Emma, the other to Mrs.
Cullinan. They were both delivered to Mrs. Grant." He
was then asked:

Q. "Was anything said to Mr. Lange about the deliv-
ery of those deeds?

A. "Yes, sir.

Q. "What was said?

A. "Mr. Camp [the attorney] asked him if he should
deliver the one that ran to Mrs. Cullinan to Mrs. Cul-
linan, and he said, 'No,' and seemed to be agitated,—
almost angry that he was asked to do it; and then Mr.
Camp asked Mr. Lange if he should deliver the one that
ran to Mrs. Grant and her sister to Mrs. Grant, and he
said, 'Yes, she is all right.'"

The deeds were taken to Chicago by the attorney for
the purpose of having the notarial seal attached, and
by him delivered to Mrs. Grant, as directed. Some time
after the grantor's death Mrs. Grant handed Mrs. Culli-
nan the deed.

Mr. Camp, the attorney who drew the deeds, did not
testify, nor did Mr. Dewess. The latter had gone to
Texas and his post-office address could not be learned,
but it appears that the former was only temporarily ab-
sent from the city of Chicago. Counsel contends, though
the abstract of the record is silent upon that subject,
that a rule had been made by the chancellor to close the

evidence within ten days. Counsel for complainants of-
fered to take the deposition of Mr. Camp, who was then
in St. Louis, but did not have time to do so unless coun-
sel for the defendants would waive the service of notice,
which the latter refused to do. Why the evidence of Mr.
Camp was not obtained by counsel for defendants was
not explained. The defense consisted of the evidence of
several persons to the effect that the grantor had stated
to them, beforehand, that he intended to make this con-
veyance, or, afterward, that he had done so. The chan-
cellor, on the recommendation of the master in chancery
and in accordance with the latter's finding, held that the
evidence did not sustain the material allegation in the
bill, and thereupon dismissed it for want of equity. The
complainants prosecute this appeal, seeking to reverse
the decree below.

ASA Q. REYNOLDS, for appellants.

WILLIAM F. PROPPER, and FREDERIC R. DEYOUNG,
for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The point urged by complainants below, and again
made here, is, that the evidence clearly showed that the
deed in question was not delivered by the grantor to
Mrs. Cullinan, but that, on the other hand, it was placed
in Mrs. Grant's possession under such circumstances as
to make it her duty to hold it, as the agent of the grantor
and subject to his control, during his life. The compe-
tency of the evidence of Mrs. Grant and her husband is
not questioned, and it is in evidence that the grantor, by
his attorney, delivered the deed to Mrs. Grant, and not
to the grantee; that Mrs. Grant was at that time attend-
ing to some of his business; that when the grantor was
asked as to the disposition of the deed, he directed it
to be delivered to Mrs. Grant, saying, "She is all right,"
and expressly directing that it be not delivered to the

grantee named therein.   The grantee was in the house at the time, going about her household duties, but whether or not she was aware of the making of the deed does not appear.   The deed could have been handed to her, but the grantor expressed a desire not to do so.  Why it was placed in the hands of his sister, without any directions as to its delivery, has no explanation, unless it be inferred that he desired to retain control over it.   Nothing was said indicating that she was to take the deed as the trustee or agent for the grantee, but, on the other hand, inasmuch as his sister was attending to a part of his business because of his illness and inability to attend to it himself, it is not unreasonable to infer that she was in this, as in other things, acting for him.   If he had regained his health there can be no doubt that the custodian would have been bound to return the deed to the grantor upon his demand, had she received no instructions other than those detailed by her in her testimony. Delivery to the agent of the grantor is not sufficient. (*Barrows* v. *Barrows,* 138 Ill. 649.)   To be a good delivery the deed must pass beyond control of the grantor and not be subject to his call.   *Stinson* v. *Anderson,* 96 Ill. 373; *Byars* v. *Spencer,* 101 id. 429; *Bovee* v. *Hinde,* 135 id. 137; *Wilson* v. *Wilson,* 158 id. 567; *Shults* v. *Shults,* 159 id. 654; *Walter* v. *Way,* 170 id. 96; *Hawes* v. *Hawes,* 177 id. 409; *Walls* v. *Ritter,* 180 id. 616.

Counsel contend that the intention of the grantor to presently deliver the deed is clearly shown by the statement made in his will that he had made such a deed, and by his statements to several persons that he would make such a deed, and, afterwards, that he had made it.   It is true, these statements indicate an *intention* to execute a conveyance to the grantee; but, as this court said in *Walls* v. *Ritter, supra,* such declarations have no bearing on the vital question, did the grantor actually make and deliver the deed of conveyance to the grantee? The fact that the will makes no disposition of this property does

not show that he intended the title to pass presently to the grantee, during his lifetime. (*Hawes* v. *Hawes, supra.*) There was neither act nor declaration of delivery, nor intention to deliver presently at the time the instrument was made. *Bryan* v. *Wash,* 2 Gilm. 557; *Gunnell* v. *Cockerill,* 79 Ill. 79; *Stinson* v. *Anderson, supra; Byars* v. *Spencer, supra; Jordan* v. *Davis,* 108 Ill. 336; *Wellington* v. *Heermans,* 110 id. 564; *Weber* v. *Christen,* 121 id. 91; *Wilson* v. *Wilson, supra; Bovee* v. *Hinde, supra.*

Under the well settled rules of this State we are satisfied that in this instance there was no delivery of the deed to the grantee. It is true, the master reached the conclusion of fact that delivery was made to the custodian of the deed for and on behalf of the grantee, but this finding is not supported by the evidence. The testimony of Mrs. Grant and her husband is not disputed nor is its competency questioned. The finding of the master has not the force it would have had if the evidence upon the material points had been directly contradictory and disputed.

The decree of the circuit court dismissing complainants' bill will be reversed and the cause remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.    *Decree reversed.*