CLARE HARDING WEBER *et al.* Appellees, *vs.* BRUCE
THOMAS BRAK *et al.* Appellants.

*Opinion filed October 27, 1919.*

1. DEEDS—*intention of grantor determines delivery of a deed.*
The intention of the grantor in a deed concerning the matter of
delivery is the controlling element which determines whether the
deed has been delivered.

2. SAME—*deed, to be delivered, must pass beyond grantor's control.* It is essential to the delivery of a deed that the deed pass beyond the grantor's control, and in determining whether the grantor intended a delivery the test is whether the deed remains in his control and is subject to his call.

3. SAME—*when grantor may retain deed in his possession.* The grantor may retain the deed in his possession in case of a voluntary conveyance and such retention will not destroy the effect as a deed in the absence of circumstances showing that it was not intended to be an absolute conveyance and operate as such; but where the grantor hands the deed to the grantee for safe keeping but not for the purpose of passing title there is no legal delivery.

4. SAME—*when delivery to third person passes title to grantee.* The delivery of a deed to a third person, who receives it as the grantor's agent without any direction to deliver to the grantee, does not pass title, but if it be given to a third person to be held for the grantee and is subsequently accepted by the grantee there is a good delivery.

5. SAME—*delivery of deed must be unconditional.* The delivery of a deed must be unconditional, and where the grantor delivers the deed to a third person upon the express direction that it shall not be delivered to the grantee unless the latter survives the grantor, the deed is intended to operate as a will and there is no valid delivery. (*Elliott* v. *Murray,* 225 Ill. 107, followed.)

APPEAL from the Circuit Court of Logan county; the
Hon. T. M. HARRIS, Judge, presiding.

CHARLES H. WOODS, guardian *ad litem,* for appellant
Bruce Thomas Brak.

W. A. COVEY, for appellant Joseph Brak.

HAROLD F. TRAPP, and LYMAN S. MANGAS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Logan county partitioning the land in question and setting aside a certain warranty deed made by Elizabeth Thomas to Emily Brak.

The only question involved in this case is whether or not the deed from Elizabeth Thomas to Emily Brak under date of August 31, 1911, was ever delivered in the lifetime of Elizabeth Thomas. The deed in question is the usual statutory form of a warranty deed, dated August 31, 1911, signed, sealed and acknowledged by Elizabeth Thomas before Louis C. Schwerdtfeger, a notary public. The usual certificate of a notary is attached to the deed and the seal of the notary impressed thereon. There is no question raised relative to the execution of the instrument, either in form or substance. The certificate of the notary is in the usual form. The deed was filed for record on March 17, 1916. Schwerdtfeger, the notary who acknowledged said instrument, died November 26, 1911, and Fred W. Longan was duly appointed executor of his estate. The executor found the instrument in question in the private box of Schwerdtfeger, sealed in a plain envelope, upon which was written the following inscription:

*"Elizabeth Thomas*
to
*Emily Brak.*

"This deed is to be held and not delivered until after the death of Mrs. Elizabeth Thomas. In the event Mrs. Emily Brak dies before her mother then this deed is to be returned to Mrs. Elizabeth Thomas."

This inscription was typewritten and bore no date and no signature was subscribed thereto. There is some testimony in the record that Schwerdtfeger, the notary public who acknowledged the deed, was at the time of the acknowledgment the president of a bank, and that in the pri-

vate room of said bank he did at times consult with Mrs.. Thomas, and on or about the day on which the deed was executed he went to the home of Mrs. Thomas to execute some paper. After the death of Mrs. Thomas, Longan, the executor of the estate of Schwerdtfeger, delivered the envelope and deed in question to Mrs. Brak in the same condition in which he found it. Mrs. Brak opened the envelope, removed the deed and had the same recorded.

On August 31, 1911, the day on which the deed was executed and acknowledged, Mrs. Thomas was living on the farm in question and continued to live there until the time of her death, March 14, 1916. She had a life estate in about 90 acres of the land in question, in which her daughter, Mrs. Brak, had the estate in remainder, and the house in which they lived was on this 90-acre tract. As a part of this farm Mrs. Thomas also owned 60 acres in fee, on which there was a tenant house. This 60 acres is the land in question. With Mrs. Thomas there lived her daughter, Mrs. Brak, and her husband, Joseph Brak, and a son, Bruce Brak. Mrs. Thomas continued her relations with the premises after the execution of the deed the same as before. The evidence does not disclose any act showing a change of possession or use.

The complainants are the heirs-at-law of Mrs. Thomas other than Elizabeth Brak, who was made defendant. Mrs. Brak died after the filing of the bill and before taking testimony, and her legatees were then substituted as the proper parties defendant. The bill seeks the cancellation of the deed in question as a cloud upon the title on the sole ground that it was never delivered, and was intended to operate, if at all, on the death of the grantor, and was therefore void, and also seeks partition of the 60 acres of land in question among the heirs of Mrs. Thomas and the devisees of Mrs. Brak.

It is contended on behalf of the appellants that while the delivery of the deed in question is contingent, yet by

reason of the fact that the contingency on which it was to be returned to the grantor must necessarily take place during the life of the grantor, the grantee having survived her mother, the deed took effect as the present deed of the grantor and relates back to the first delivery.

The sole question in this case is whether or not there has been a delivery of this deed. Both sides here appear to admit that the superscription on the envelope is properly in evidence and both appear to rely upon it to sustain their claims. The intention of the grantor in a deed concerning the matter of delivery is the controlling element which determines whether the deed has been delivered. (*Hudson v. Hudson,* 287 Ill. 286; *Hoyt v. Northup,* 256 id. 604.) The test as to whether or not there is a delivery intended by the grantor rests in the question whether the deed remains in the grantor's control and is subject to his call. It is essential to a delivery that the deed pass beyond the grantor's control and beyond his call. (*Lange v. Cullinan,* 205 Ill. 365.) The grantor may retain the deed in his possession in case of a voluntary conveyance and such retention will not destroy the effect as a deed in the absence of circumstances showing that it was not intended to be an absolute conveyance and operate as such. (*Baker v. Hall,* 214 Ill. 364.) On the other hand, the fact that the grantor handed a deed to the grantee to be deposited in a box of the grantee for safe keeping but not for the purpose of passing title was held not to amount to a delivery. (*Bovee v. Hinde,* 135 Ill. 137.) So the delivery of a deed to a third person, who receives it as the grantor's agent, without any direction to deliver to the grantee, does not pass title, but if it be given to a third person to be held for the grantee and is subsequently accepted by the grantee such is a good delivery. (*Hoyt v. Northup, supra.*) If a deed be delivered to a third person with the intention that it shall become operative only upon certain contingencies there is no delivery. A delivery must be unconditional, unless in

escrow. There can be no partial delivery. *Otis* v. *Spencer,* 102 Ill. 622; *Russell* v. *Mitchell,* 223 id. 438; *Stinson* v. *Anderson,* 96 id. 373.

In the case of *Elliott* v. *Murray,* 225 Ill. 107, the grantor made a deed of certain lands to her husband, which was turned over to him with the understanding that he was to record the same in the event she died before he did, and that in case of his death preceding hers she was to destroy the deed. The deed was kept in a box at the bank under the control of the grantee. Both grantor and grantee died as the result of injuries received in the burning of the Iroquois Theater, in the city of Chicago, the grantor dying at the time of such injuries and the grantee dying two days later. In that case it was said: "The question of delivery is a mixed question of law and fact, and it is held that the delivery of a deed may be made by acts alone,—that is, by doing something and saying nothing; or by words alone,—that is, by saying something and doing nothing; or it may be delivered by both acts and words. It must, however, be delivered by something answering to the one or the other, or both, and with the intent thereby to give effect to the deed. (*Rountree* v. *Smith,* 152 Ill. 493.) In the case at bar the deed was handed to Charles S. Owen by Mr. Lewis, and after it had been signed and acknowledged by Mrs. Owen was placed by Owen in his private box, where it remained until after his death. If these were the only facts which appeared in evidence bearing upon the question of delivery it might well be held that the deed had been delivered. It appears, however, that the deed was made, not with the intention that it should immediately take effect and pass title to said farm to Charles S. Owen but that it should only take effect in case Charles S. Owen survived his wife, and in the event that his wife should survive him it was never to take effect but was to be destroyed. A deed must take effect immediately upon its execution and delivery to the grantee or it will not take effect

at all. (*Wilson* v. *Wilson*, 158 Ill. 567; *Wilenou* v. *Handlon*, 207 id. 104.) We think it clear that the parties to this deed intended it to operate as a will, and that the possession of the deed by Charles S. Owen did not have the effect to vest the title to said farm in him."

The above case is very similar to the case at bar. It appears that the understanding in the *Elliott case* was practically identical with the superscription on the envelope in the instant case, the only difference being that in the *Elliott case* the grantee had possession of the deed while in the case at bar the deed remained in the possession of Schwerdtfeger. It is evidenced from the language of the superscription that it was intended the deed in question should operate as a will. The delivery was made contingent upon the grantee surviving the grantor. It is a fair presumption from the evidence that if the superscription was made at the direction of either it was at the grantor's direction and not at the direction of the grantee, and constituted a direction as to what should be done with the deed in case the contingency therein named did not transpire. In any event, it was the condition on which the deed was placed in the hands of the notary. That condition was that the grantee must survive the grantor in order that the title pass, and it is evident that it was intended that unless that condition be fulfilled there was to be no conveyance. This intention is further borne out by the fact that the grantor continued in possession and use and received the income from the land in question until the day of her death. There was no apparent change in the character of her possession or control.

Applying the rules hereinbefore referred to, we are of the opinion that there was no delivery in this case, and that the title, therefore, did not pass to Emily Brak, and that the chancellor did not err in so holding.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*