FRANK LANDER *et al.*

*v.*

LETITIA LANDER *et al.*

*Opinion filed October 24, 1905.*

1. WILLS—*real estate devised need not be described with certainty.* A description of property in a will as the "grounds and buildings composing my livery stable property" in a named place, is sufficient to lead to a definite ascertainment of the particular property the testator had in mind.

2. SAME—*when erroneous recital as to having made deed does not prevent devise.* The fact that a recital in a will that certain deeds had been executed by the testator giving a life estate in certain property to his wife with remainder to his daughter is erroneous does not render such property intestate, where the same clause of the will provides that "it is my will that she, my said wife, shall take her life interest in said real estate * * * as evidenced by said deeds of transfer, and that our said daughter * * * shall take her residuary interest in said real estate as her full share of my estate." (*Hunt* v. *Evans,* 134 Ill. 496, distinguished.)

APPEAL from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

This is a bill for partition of lots 2, 3 and 4 of John D. Fowle's subdivision of the south sixty feet of lot 9 of block 35 of Allin, Gridley & Prickett's addition to the town, now city of Bloomington; also lot 3 of John D. Fowle's subdivision of lot 8 and the north six feet of lot 9 in block 35 of the said Allin, Gridley & Prickett's addition in McLean county, filed on August 1, 1904, in the circuit court of said county by the appellants, Frank Lander and Ida M. Jones, against the appellees, Letitia G. Lander, Louise Lander, and George H. Miller, and George Morrison and Leonard H. Munsell, composing the firm of Munsell & Morrison.

One Charles W. Lander, late of said county, was in his lifetime the owner seized in fee of said property above described, and, being so seized in fee simple of the same, died testate on September 17, 1899, leaving as his only heirs-at-

217—19

law, his widow, the appellee, Letitia G. Lander, and his three children, the appellants, Frank Lander and Ida M. Jones, (formerly Ida Lander,) complainants below, and the appellee, Louise Lander, defendant below. The will of Charles W. Lander was admitted to probate in the county court of McLean county on October 21, 1899. The first paragraph of the will is set out in the opinion. The second paragraph devises two policies of insurance, held by the testator upon his life, one for $2500.00 and the other for $5000.00, to his son, Frank Lander, and his daughter, Ida Lander, one-half of the proceeds of the $2500.00 policy and two-fifths of the $5000.00 policy to his son, and to his daughter, Ida, one-half of the proceeds of said $2500.00 policy and three-fifths of said $5000.00 policy, "and my note for $750.00 to be paid out of my personal property as aforesaid as her full share in my estate. And I hereby make the payment of the said note for $750.00 to Ida Lander, as aforesaid, and the payment of any and all debts I may owe at this date, a special charge against my said personal property, or the proceeds thereof in the hands of my said wife, Letitia Lander, until fully paid." The will makes the son, Frank Lander, and the daughter, Ida Lander, executors thereof.

The bill proceeds upon the theory that, by the terms of paragraph 1 of the will, there was no devise of said real estate above described, but that the same was intestate property, or, in other words, that the deceased died intestate as to said real estate. It is alleged in the bill and answer and cross-bill, and not denied, that the lots above described are the same property, as that which is referred to in paragraph 1 of the will in the following words, to-wit: "The grounds and buildings composing my livery stable property in Bloomington, Ill." Charging that the deceased died intestate as to the real estate in question, the bill alleges that the three children were the owners each of one-third thereof, subject to the dower interest of the widow in one-third, and prays for partition, and for the assignment of the wid-

ow's dower. George H. Miller is made a defendant, as having an interest in a party wall between the livery stable property and the property upon the adjoining lot. Munsell & Morrison are made defendants, as being tenants of the livery stable property under a lease dated June 5, 1903, for three years, executed by the widow, Letitia G. Lander.

The answer to the original bill, filed by Letitia G. and Louise Lander, denies that the property in question is intestate property, and denies that the appellants, or either of them, have any rights or interest therein, and avers that the will, independently of the deed referred to therein, devises the premises in question to said appellees, that is to say, to Letitia Lander a life estate with remainder to Louise Lander in fee simple. The answer also denies that the recital in the will, that the property had been transferred by deed to Letitia Lander for life with remainder to the daughter, Louise Lander, was erroneous, but avers that the testator did in fact execute and deliver such deed *in escrow*, but that the custodian thereof either lost or destroyed the deed. The answer admits the widow has managed and controlled the property, collected the rents, and paid the taxes, kept up the insurance, and made necessary improvements, and denies that appellants, or either of them, have any rights therein or any right to an accounting, and avers that appellants, complainants below, took out letters, as executor and executrix of said estate and accepted their legacies under the will, and that the widow, and the daughter, Louise, accepted their legacies and paid to Ida M. Jones the $750.00 as provided by the will, which she accepted. The answer further avers that, by reason of the acceptance of the legacies by the appellants, they have elected to accept the will, and are estopped from setting up title to said property by reason of any irregularity or ambiguity in the other specific devises in the will.

On February 20, 1905, the appellees, Letitia and Louise Lander, filed an amended cross-bill, and therein set up the substance of the original bill, and therein averred that the

premises, described in the will as "the grounds and buildings composing my livery stable property in Bloomington, Ill.," were the same premises as those described in the bill, and averred that by the will said premises were devised to appellees, Letitia and Louise, by the third sentence of the first clause of the will, as set out in the opinion. The cross-bill avers that the appellants took out letters and administered upon said estate, and that there was paid out of the personal property to Ida M. Jones, $750.00, and also all the debts due by the estate; that, by reason of the devise containing no accurate legal description, the record title of said appellees is clouded, so as to depreciate the value of the property and prevent a sale; and the cross-bill prays that the original bill may be dismissed; that the court may construe the will, as having devised said premises to the appellees, Letitia and Louise Lander, with a life estate in the former with remainder to the latter in fee simple, as is provided in the will, and that such titles may be confirmed, and that appellees may have "such other and further relief in the premises as to equity may appertain," etc.

The present appellants, defendants below to the cross-bill, filed a demurrer to said cross-bill. This demurrer was overruled by the court, but the appellants stood by their demurrer, and thereupon the cross-bill was taken as confessed against the defendants thereto, the present appellants, and the court rendered a decree, dismissing the original bill and granting the relief prayed by the cross-bill, decreeing that the title to said property be vested in Louise Lander in fee, subject only to a life estate, vested in Letitia G. Lander.

The present appeal is prosecuted from the decree so rendered, dismissing the original bill, and granting the relief prayed by the cross-bill.

S. P. ROBINSON, and WELTY, STERLING & WHITMORE, for appellants.

FRANK B. McKENNAN, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Section 1 of the will of Charles W. Lander, deceased, referred to in the statement preceding this opinion, is as follows:

"*First*—I have already transferred to my wife, Letitia Lander, by absolute deed for life, remainder to my and our daughter, Louise Lander, in fee simple—the grounds and buildings composing my livery stable property in Bloomington, Ill., as the full share of my said daughter Louise in my estate, and by deed of gift and transfer, bearing even date herewith. I also give, transfer and set over all of my personal property to my said wife, Letitia Lander, subject to the payment of a note of mine to my daughter, Ida Lander, for $750.00, and also subject to the payment of all debts, if any, I may now owe at this date. Now it is my will that she my said wife shall have and take her life interest in said real estate and her absolute title to said personal property as evidenced by said deeds of transfer, as and for her full share, interest and dower in my estate, and that our said daughter, Louise Lander, shall have and take her said residuary interest in said real estate as her full share in my estate."

The contention of the appellants, Frank Lander and Ida M. Jones, is that, by section 1 of the will, the real property therein referred to was not devised at all to the widow and daughter, but that the same was intestate property; and the only issue to be determined by this court is, whether or not the real estate in question, owned by Charles W. Lander at the time of his death, is intestate property. The basis of the contention, thus made by appellants, is the recital in section 1 of the will by the testator, that he had already executed a deed, transferring the property to his wife, Letitia Lander, for life, with remainder to his daughter, Louise Lander, in fee simple; and that, inasmuch as the testator did not make any such deed as he refers to, giving a life estate to his wife

and the remainder in fee simple to his daughter, Louise, this erroneous recital does not show any purpose on the part of Charles W. Lander to bequeath or devise anything by the will, and that his intention can only be ascertained by resort to the deed referred to.

The doctrine, thus invoked by appellants, is announced by this court in the case of *Hunt* v. *Evans,* 134 Ill. 496, in which case it appeared that Edwin Evans, the testator, made a will and recited therein that he had deeded in trust to Williams and Plumb, as trustees, certain lots in Streator, La-Salle county, with store buildings on them, for the purpose and upon the trust named in said deed, reserving to himself during his life the rents of the property, and upon his death the residue to be vested in a certain body of directors, with a view of establishing a public library for the use of the inhabitants of Streator; no deed in trust to Williams and Plumb, as trustees, conveying the property to establish a public library, was found, notwithstanding the recital in the will that such a deed had been executed, and in construing the will in that case this court said (p. 501) : "While the authorities may not be entirely harmonious, we think the decided weight of authority establishes the doctrine, that, where the recital is to the effect that the testator has devised something in another part of the will, when in fact he or she has not done so, and thus the recital turns out to be erroneous, then such recital is construed to show a purpose and intention of the testator to devise by the will, and the courts carry out such purpose and intent to devise by the will, and give such erroneous recital the effect of a devise by implication. But where the recital in the will is to the effect that the testator has, by some instrument other than the will, given to a certain person named in the recital, property, when, in truth and in fact, he has not done so, such an erroneous recital does not disclose a purpose and intent on the part of the devisor to give by the will, and, in such case, resort must be had to the other instrument, and not to the will, by persons

interested. *Harris* v. *Harris,* 3 Eq. Irish Rep. 610, is a leading case on the subject. It is there said: "The doctrine as to the effect of erroneous recitals in wills is well established, namely, that if the erroneous recital in a testamentary instrument be of a gift contained in that instrument, the recital may operate as being in itself a devise or bequest, by implication, of that very property. But when the erroneous recital refers to an estate created by another instrument, that recital cannot operate to create an estate by implication.' * * * Here, the recital has no reference whatever to a gift or devise created by or under the will, but it refers to a deed of trust,—an instrument in no manner connected with the will, under which the title to the property passed; and, under the rule announced, reliance cannot be placed on the erroneous recital in the will to pass the title to the property to the persons named as trustees in that recital. * * * The fact that Evans may have made a deed, in and by which he had conveyed certain property in trust, as he declared in the will he had done, was not a devise of property in trust, nor could it be held to be a declaration of trust signed by him. The clause in the will can be regarded as nothing more than a mere statement or declaration that Edwin Evans had, by a certain deed, conveyed certain property in trust. But the evidence, that a trust had been created, would be the deed itself, and not the declaration named in the will."

Applying the views announced in *Hunt* v. *Evans, supra,* to the case at bar, appellants say that the testator in section 1 refers to a deed, which he had executed, giving a life estate to his wife and remainder in fee to his daughter, Louise; that this deed is in no manner connected with the will, and that, under the rule announced, no reliance can be placed upon this erroneous recital in the will to pass the title to the property to the appellees, Letitia and Louise Lander. In other words, it is said that, here, there is an erroneous recital, which refers to an estate created by another instrument, and that that estate cannot operate to

create an estate by implication. If the first sentence of section I of the will now under consideration be considered by itself, the contention of appellants would be correct. The fact, that Charles W. Lander may have made a deed, such as he declares in his will that he did make, was not a devise of the property in question. But the will of Charles W. Lander is different from the will referred to in *Hunt* v. *Evans, supra.* It not only contains a statement that the testator had theretofore executed the deed in question, but it proceeds in the third sentence of section I to make the following statement: "Now it is my will that she, my said wife, shall have and take her life interest in said real estate, and her absolute title to said personal property as evidenced by said deeds of transfer, as and for her full share, interest and dower in my estate, and that our said daughter, Louise Lander, shall have and take her said residuary interest in said real estate as her full share in my estate."

The third sentence of section I, as above quoted, is something more than a mere declaration that a deed had been executed. It is a statement by the testator that it is his will, then at the time when he executed his will, that his wife should take a life estate, and his daughter a residuary estate in said property, described in section I. It is not necessary here, in order to establish a devise by the testator, to rely solely and exclusively upon the first sentence of the will, but such first sentence must be construed in connection with the third sentence, and, in our opinion, the latter, construed with the former, certainly does devise the property to the widow, and the daughter, Louise, independently of the declaration as to the deed, made in the first sentence.

Counsel for appellants say that there is an indefiniteness in the description of the property in section I. The first sentence of section I refers to the property as "the grounds and buildings composing my livery stable property in Bloomington, Ill." It is conceded by the appellants that the property thus referred to is the same as the lots described in the bill

by number and block., It is not necessary that an estate devised by will should be described with the accuracy necessary in the case of a deed. Such descriptions as "all the property I possess," or "the residue of my estate," or, "mountain lands," or "uplands," have been held sufficient to pass real estate. (Page on Wills, sec. 488). In *Boyd* v. *Strahan,* 36 Ill. 355, this court, after referring to the familiar rule that, in the interpretation of wills, the intention of the testator must govern, and is to be gathered from the entire will, said (p. 359) : "There is no other class of written instruments known to the law, in which so little importance is to be attached to the technical sense of language in comparison with that sense, in which the apparent object of the writer indicates his words to have been used." The description of the property, in the will in the case at bar, as the "grounds and buildings composing my livery stable property in Bloomington, Ill.," is sufficient to lead to a definite ascertainment of the particular property, which the testator had in his mind; and, although the first sentence of the will does not disclose any purpose on the part of the testator to make a devise, yet it is a declaration that he had conveyed the property by a deed, and the property therein mentioned is referred to in the third sentence as "said real estate." In other words, the first sentence of section 1, though not a devise, but only a mere declaration, is yet properly referred to in the third sentence of section 1 as containing a description of the property, which is devised by the third sentence of said section.

If section 1, when all its parts are construed together, had amounted to nothing more than a declaration that the testator had previously made a deed, then, under the principle announced in *Hunt* v. *Evans, supra,* it would be true that the testator had died intestate as to the property in question, and a bill for partition, as filed by the appellants, would properly lie. But, in the view we take of the will, that the third sentence of it does amount to a devise of a life

estate to the widow, and of a remainder to the daughter, Louise, the deceased did not die intestate as to this property. It passed by his will to his widow, and his daughter, Louise. Accordingly, the court below decided correctly in holding that the property was testate property, and in dismissing the bill and overruling the demurrer to the cross-bill.

For the reasons above stated, the decree of the circuit court of McLean county is affirmed.

*Decree affirmed.*