GEORGE HUNT, Attorney General, *ex rel.* City of Streator,

*v.*

JESSIE S. EVANS *et al.*

*Filed at Ottawa October 31, 1890.*

1. WILLS—*recitals in a will—misrecital, as to other parts of the will, and as to instruments outside of the will.* Where a will recites that the testator has devised something in another part of the will when in fact he has not done so, such recital will be construed to show a purpose and intention of the testator to devise by the will, and the courts will carry out such intention, and thus give the erroneous recital the effect of a devise by implication.·

2. But where the recital in the will is to the effect that the testator has, by some instrument other than the will, given to a certain person named in the recital, property, when in fact he has not done so, such erroneous recital will not disclose a purpose and intent to give by the will, and resort must be had to the other instrument, and not to the will.

3. A testator, after making certain devises, recited in his will that he had ·conveyed in trust to W. and P., as trustees, certain property, described in the trust deed, for the purpose and upon the trusts mentioned in such deed of trust, reserving the rents, etc., during his life, and upon his death the residue to be vested in a board of directors with intent to establish, under the statute, a public library for the use of the inhabitants of the city of S., upon complying with the directions and trusts named in said deed of trust. The will and deed of trust were both prepared, but the will only was executed: *Held,* that the recital in the will in respect of the creation of a trust could not be construed as a devise of anything, or as a declaration of a trust for the benefit of a public library.

4. SAME—*disputing recital in will—devisees and heirs not estopped.* The devisees and heirs of a testator are not estopped by the recitals in his will that he had conveyed certain property to trustees, in trust for a certain purpose, from denying the execution of any such deed. The rule in *Gorham* v. *Dodge,* 122 Ill. 528, has no application to such a case.

5. SAME—*separate instrument as part of a will.* A will and a conveyance in trust were prepared in blank at the same time, and the will recited the fact of the execution of the deed, in trust, etc. The will alone was executed : *Held,* that the blank deed of trust was not made a part of the will by the recital in the latter.

6. One instrument can not be engrafted into another, and become a part thereof, unless the language used manifests an intention that such shall be done. But an instrument nòt executed or in existence when another is made can not form a part of the latter.

7. TRUST—*creation of a trust—of the mode.* Under section 9 of the Statute of Frauds a trust must be proved by a writing signed by the party who may create or declare the same, or by a last will in writing. But a bare recital in a will that the testator has conveyed property in trust to persons named is not a devise of such property in trust.

APPEAL from the Circuit Court of La Salle county; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. DUNCAN & GILBERT, for the appellants:

The fact that a deed of trust to Williams and Plumb was executed is conclusively established by the recital in the will. *Denn* v. *Cornell,* 3 Johns. Cas. 174; *Terry* v. *Bank of Orleans,* 9 Paige, 659; *Carver* v. *Jackson,* 4 Pet. 80; *Byrne* v. *Morehouse,* 22 Ill. 603; *Pinckard* v. *Milmine,* 76 id. 453; *Orthwein* v. *Thomas,* 127 id. 554; *Douglass* v. *Scott,* 5 Ohio, 195; *Doe* v. *Porter,* 3 Ark. 18; *Bradstreet* v. *Clarke,* 12 Wend. 670; *Jackson* v. *Parkhurst,* 9 id. 209; *Crane* v. *Morris,* 6 Pet. 611; *Williams* v. *Keyser,* 11 Fla. 234; *Jackson* v. *Brooks,* 8 Wend. 426; *Lee* v. *Clarke,* 1 Hill, 56; *Thompson* v. *Thompson,* 19 Me. 235; *Graff* v. *Castleman,* 5 Rand. (Va.) 195.

The recital is a good and valid declaration of trust in favor of the charity specified in the will. *Day* v. *Roth,* 18 N. Y. 453; Hill on Trustees, 130; *Wright* v. *Douglass,* 7 N. Y. 564.

Upon the subject of the declaration of trusts, see Perry on Trusts, secs. 81, 82, 91; *Cook* v. *Barr,* 44 N. Y. 159; *Sheets' Estate,* 52 Pa. St. 527; *Gomez* v. *Traders' Bank,* 4 Sandf. 102; *Sheldon's Appeal,* 31 Conn. 548; *Richardson* v. *Richardson,* L. R. 3 Eq. Cas. 686; Story's Eq. Jur. sec. 976.

Mr. JOHN BURNS, for the appellants Williams and Plumb:

The general intent of the testator, in the construction of wills, is the pole star which guides thè mind of the chancellor, and determines his judgment in all cases when that intent

32—134 ILL.

can be gathered from the provisions of the will, when considered as an entire document. *Willis* v. *Watson,* 4 Scam. 64; *Welsch* v. *Savings Bank,* 94 Ill. 191; *Smyth* v. *Taylor,* 21 id. 296; *Holliday* v. *Dixon,* 27 id. 33.

The intention to create a trust is manifest. 1 Perry on Trusts, (3d ed.) p. 68, pars. 82-84.

The blank trust deed, if intended as the one named as a trust deed, was necessarily referred to by the testator as an adjunct to the will, and the law will so construe the intention of the testator, as it adds important provisions to the will, and must be incorporated with it and construed with it.

Redfield says, any paper may be referred to, so as to become a part of the will, in order to ascertain the real intention of the testator in the disposition of his estate. It must be in existence at the time, and identified as the paper referred to. 1 Redfield on Wills, (3d ed.) 261-268; *Habergan* v. *Vincent,* 2 Ves. Jr. 204; 1 Jarman on Wills, (ed. of 1861,) 84, and cases cited. See cases cited in Redfield, on pages 264, 265.

Mr. WALTER REEVES, for the appellees:

As to the effect to be given to an erroneous recital in a will, see *Harris* v. *Harris,* 3 Irish Eq. 610; *Circuitt* v. *Perry,* 23 Beav. 275; *Lane* v. *Wilkins,* 10 East, 365; *Smith* v. *Maitland,* 1 Ves. Jr. 362; *Wright* v. *Hammond,* 1 Strange, 427; *Adams* v. *Adams,* 1 Hare, 538; Theobald on Wills, (2d ed.) 574; Beach on Wills, secs. 335, 334; 2 Redfield on Wills, 381; 1 Jarman on Wills, (5th ed.) 526.

The will does not declare a trust. *Roth* v. *Michalis,* 125 Ill. 332; *Jones* v. *Jones,* 124 id. 263; *Phillips* v. *Park Comrs.* 119 id. 638; *Freer* v. *Lake,* 115 id. 662; *Mills* v. *Newberry,* 112 id. 132; 1 Perry on Trusts, secs. 13, 14, 28, 90, 91, 739.

As to estoppel of devisees to dispute the recitals of a will, see Bigelow on Estoppel, (5th ed.) 365, 382; *Smith* v. *Wait,* 4 Barb. 28; *Pervine* v. *Gheenman,* 19 Am. Dec. 388; *Mills* v. *Graves,* 38 Ill. 455; 1 Greenleaf on Evidence, sec. 285.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an information in chancery, brought by the Attorney General, at and by the relation of the city of Streator, in the circuit court of La Salle county, to establish a charity. There is no controversy in relation to facts. Edwin Evans died at Streator on the 5th day of May, 1889, leaving a widow, Jessie S. Evans, and Helen Amelia Haskell, an only child and heir-at-law. The will of the deceased was admitted to probate on the third day of June, 1889. He left an estate, consisting mainly of real estate, of about the value of $100,000. The deceased devised to his wife (except as provided in the residuary clause of the will) but a small portion of his estate, and to his daughter he bequeathed a large arm-chair. The testator bequeathed to his sister, Harriet Augusta Zeilman, a mortgage held on her husband's farm, and the will contained the following declaration:

"*First*—I have made a deed *in escrow* to said Harriet Augusta, my sister last named, of the west half of lot six (6), in block nineteen (19), in Streator, Illinois, excepting the upper room leased to the Odd Fellows Society, denominated Streator Lodge No. 602, I. O. O. F., which is to be devoted to her use, my said sister, as provided by said deed, which deed is in possession of Olive A. Linsley, of Streator, Illinois, to be delivered to grantee upon the conditions named in said deed.

"*Second*—I have also conveyed to one Miss Olive A. Linsley, of Streator, Illinois, *in escrow*, by deed, certain property, which deed is now held by Mrs. Harriet E. Baker, of Auburn, New York, and to be delivered to the grantee by her upon my death, as well as the deed held by the custodian for the use of my said sister, Harriet Augusta Zeilman.

"*Third*—I have also conveyed, by deed *in escrow*, for the use of Ruby A. Ingmire, of No. 99 Lexington avenue, Albany, New York, certain property in Streator, Illinois, which I have devoted to her use on my death, which deed is also held in pos-

session of Mrs. Harriet E. Baker, of Auburn, New York, which deeds *in escrow* severally describe the property to be conveyed by said deeds *in escrow*, and are not intended to be devised by this will, but reserved for the use of the grantees in said deeds, according to directions thereto annexed."

The will also contained the following declaration:

"I have deeded in trust to Prof. R. Williams and Fawcett Plumb, as trustees, seven lots on Main street, in Streator, La Salle county, Illinois, with six store buildings, which lots are described in said deed of trust, for the purpose and upon the trusts mentioned in said last named deed, reserving to myself, during my natural life, the rents, issues and profits thereof, and upon my death the residue of said estate to be vested in such body of directors as shall be appointed and qualified, with intent to establish, under the statutes of the State of Illinois, a public library for the use of the inhabitants of said city of Streator, upon complying with the directions and trusts provided by said trust deed. The residue estate which I may have, if any, not disposed of by the *escrow* deeds mentioned herein, the deed of trust herein mentioned, and the specific devises and bequests provided for by this my last will and testament, I give, devise and bequeath to my beloved wife."

The three deeds mentioned as having been made *in escrow* were all duly executed, and found in the possession of the persons named in the will, but no deed in trust to Williams and Plumb, as trustees, conveying property to establish a public library, was found, and it appears from the evidence that no such deed was ever executed. A short time before the death of Evans he caused Judge Burns to prepare the draft of a deed of trust for the conveyance of the lots mentioned in the will, to R. Williams and Fawcett Plumb, a blank space being left for the insertion of the description of the property. At the same time he also caused Judge Burns to prepare a draft of his last will and testament. The draft of the deed of trust and the will, when completed, were taken by Evans

to his residence, unexecuted. On the evening of May 4, Mr. Williams called at the residence of Evans, and the draft of the deed of trust was read over and its contents discussed, but it was not executed, and when Williams left for home he took the draft with him for further examination. At about 1:30 o'clock A. M. of May 5, Evans became quite ill, and realizing that death was near, he executed the will which Burns had prepared, and at about 5 o'clock A. M. he died.

In the will of Edwin Evans, which was admitted to probate, the testator declared, in plain terms, that he had deeded, in trust, to Prof. R. Williams and Fawcett Plumb, as trustees, seven lots on Main street, in Streator, La Salle county, Illinois, with six store buildings, which lots are described in said deed of trust, and the real question involved is, what force and effect are to be given to this recital or declaration. In behalf of appellants it is contended, that the fact that a deed of trust to Williams and Plumb was executed, is conclusively established by the recital in the will. As was said before, no deed of trust was in fact executed. The recital was therefore erroneous, and the question to be determined is, what effect shall be given to an erroneous recital in a will.

While the authorities may not be entirely harmonious, we think the decided weight of authority establishes the doctrine, that where the recital is to the effect that the testator has devised something in another part of the will, when in fact he or she has not done so, and thus the recital turns out to be erroneous, then such recital is construed to show a purpose and intention of the testator to devise by the will, and the courts carry out such purpose and intent to devise by the will, and give such erroneous recital the effect of a devise by implication. But where the recital in the will is to the effect that the testator has, by some instrument other than the will, given to a certain person named in the recital, property, when, in truth and in fact, he has not done so, such an erroneous recital does not disclose a purpose and intent on the part of the

devisor to give by the will, and, in such case, resort must be had to the other instrument, and not to the will, by persons interested. *Harris* v. *Harris*, 3 Eq. Irish Rep. 610, is a leading case on the subject. It is there said : "The doctrine as to the effect of erroneous recitals in wills is well established, namely, that if the erroneous recital in a testamentary instrument be of a gift contained in that instrument, the recital may operate as being in itself a devise or bequest, by implication, of that very property. But when the erroneous recital refers to an estate created by another instrument, that recital can not operate to create an estate by implication." See, also, *Adams* v. *Adams*, 1 Hare, (23 Eng. Ch. Rep.) 538 ; *Holten* v. *White*, 3 Zabr. (N. J.) 330 ; *Hurlbut* v. *Hutton*, 42 N. J. 15 ; *Marsh* v. *Hayne*, 1 Edw. Ch. 103 ; Beach on Wills, sec. 335 ; Theobald on Wills, (2d ed.) 574 ; 2 Redfield on Wills, (4th ed.) 381 ; 1 Jarman on Wills, (5th ed.) 526. Here, the recital has no reference whatever to a gift or devise created by or under the will, but it refers to a deed of trust,—an instrument in no manner connected with the will under which the title to the property passed ; and, under the rule announced, reliance can not be placed on the erroneous recital in the will to pass the title to the property to the persons named as trustees in that recital.

It is also contended that the recital is a good and valid declaration of trust, and, as such, may be enforced in favor of Williams and Plumb, trustees. The ninth section of our Statute of Frauds provides : "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else they shall be utterly void and of no effect : *Provided*, that resulting trusts, or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol." Under this statute, a trust must be proved by a writing signed by the

party who may create or declare the trust, or by a last will in writing. Here, the property involved was owned by Edwin Evans. He executed no deed conveying the property in trust. He executed no paper in which he declared that he held the property in a fiduciary capacity. A trust might have been created in either of the modes indicated, but it was not done. Under the statute, a trust may be manifested and proved by a last will and testament; but was that done in this case? A will was executed, but it contains no provision devising the property in trust to any person or for any purpose. No attempt is made by any provision of the will to devise the property for any specified purpose. The will contains nothing on the subject, except a bare declaration or statement that the testator had deeded in trust to R. Williams and Fawcett Plumb, as trustees, seven lots in Streator, La Salle county, Illinois, which lots are described in the deed of trust, for the purpose and upon the trusts mentioned in the deed. The fact that Evans may have made a deed, in and by which he had conveyed certain property in trust, as he declared in the will he had done, was not a devise of property in trust, nor could it be held to be a declaration of trust signed by him. The clause in the will can be regarded as nothing more than a mere statement or declaration that Edwin Evans had, by a certain deed, conveyed certain property in trust. But the evidence that a trust had been created would be the deed itself, and not the declaration named in the will.

It is also insisted that the intention of the testator to give the property for a public library is manifest from the will, and that intention should be carried out in placing a construction on the will. That Edwin Evans contemplated a conveyance of the property involved, in trust, for a public library in Streator, at the time he procured a will and deed of trust to be drafted, may be true; but whatever may have been his intention at that time, we think it is apparent, from the evidence, that he changed his mind before his death. When he

executed the will he knew that death was approaching. He knew that he had not executed the deed of trust. He knew that it had been taken from his house by Williams a few hours before, and he was in a position to have it returned and executed, had he desired it. Under such circumstances, the fact that the deed of trust was not mentioned when the will was executed seems to show plainly that he had changed his mind. But if we are not correct in this, and resort to the terms of the will for the intention of the testator, there is nothing contained in the will to disclose an intent to devise this property in trust.

It is also claimed that appellees are estopped from denying the truth of the recitals in the will. This position is predicated on the principle recognized by this court in *Gorham* v. *Dodge*, 122 Ill. 528, and other like cases, where it was held that a person can not, as devisee, take a beneficial interest under a will, and at the same time set up a claim which will defeat some other provision of the will. We fully recognize the rule of law as declared in the cases cited, but the doctrine announced has no application to the facts of this case. Here, appellees are not setting up any claim which will defeat any provision of the will, nor do they undertake to set up a claim which will hinder or prevent any part of the testator's property from passing to any devisee under the will. As has been seen, the Streator property was not devised to Williams and Plumb by the will. They were not devisees. If they hold the property, they do not hold it under the will, but under a deed of trust. Under such circumstances, we do not think the doctrine of estoppel has any application.

It is also contended that the blank unexecuted trust deed, by force of the recital in the will, became a part of the will, and that the two instruments together create a trust. One instrument can not be engrafted into another, and become a part thereof, unless the language used manifests an intention that such should be done. Here the recital contains no lan-

guage from which it can be inferred that Evans intended to make the blank trust deed a part of the will. There is another answer to the proposition. The recital refers to a trust deed, —not a blank unexecuted instrument, but to an executed instrument; and we are aware of no authority holding that an instrument can be made a part of a will by a recital, unless the instrument was executed and in existence when the will was made.

It follows, from what has been said, that the decree of the circuit court was correct, and it will be affirmed.

*Decree affirmed.*