MARIA L. STODDER *et al.*

*v.*

JOHN R. HOFFMAN *et al.*

*Filed at Ottawa October 11, 1895.*

1. WILLS—*effect of recital in will as to advancement.* A recital in a will that the testator has conveyed certain lands to his daughter as an advancement, will not entitle her to the property, in the absence of any devise in the will, where she had reconveyed the land to him before his death.

2. WITNESSES—*competency of party to testify as against the heirs.* A party to a suit cannot testify in his own behalf to transactions with a deceased person, against the heirs of the latter.

3. SAME—*husband of incompetent witness cannot testify.* The husband of a woman who is incompetent to testify against heirs is also incompetent.

4. TRUSTS—*when declarations of a testator and recital in his will do not create a trust.* Testimony that a testator spoke of certain land as his daughter's, and said she would have it at his death, together with a recital in his will that he had conveyed it to her, will not establish a trust in her favor, where she reconveyed to him during his life and the will omitted to devise it to her.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

THORNTON & CHANCELLOR, for appellants:

Testamentary disposition of property is ambulatory until it takes effect at the death of the testator. The entire will and codicils must be construed as if made upon the date of decedent's death. *Blackman* v. *Preston,* 123 Ill. 385; *Cline* v. *Jones,* 111 id. 569.

The courts will adopt any reasonable construction of a will so as to give it effect to dispose of the testator's entire property, rather than to hold an intention to die testate as to part and intestate as to the other property. *Scofield* v. *Olcott*, 121 Ill. 362; *Siddons* v. *Cockrell*, 131 id. 657; *Taubenhan* v. *Dunz*, 125 id. 529; *Higgins* v. *Dwen*, 100 id. 554.

Real estate acquired after the will may in this State be conveyed by the will.  *Willis* v. *Watson*, 4 Scam. 64; *Perten* v. *Spellman*, 18 Ill. 370; *Decker* v. *Decker*, 121 id. 341; *Williams* v. *Johnson*, 112 id. 61; Rev. Stat. chap. 148, sec. 1.

The heir-at-law is not to be disinherited unless the intent to do so is very clearly expressed.  *Siddons* v. *Cockrell*, 131 Ill. 653; 1 Redfield on Wills, sec. 18, p. 434.

Provisions of a will cannot be varied or explained by parol, although, if the intention of the testator is not clear, extrinsic evidence is frequently admissible to enable the court to read the will from the standpoint of the testator. *Richardson* v. *Eveland*, 126 Ill. 44.

A. E. BUTTERS, and ROBERT CARR, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellees, John R. Hoffman and others, heirs-at-law and devisees of John Hoffman, deceased, filed their bill of complaint in the circuit court of LaSalle county for the partition of certain real estate.  It is alleged in the bill that the said John Hoffman, late of the county of LaSalle, was at the time of his death seized in fee simple and possessed of, among other lands, two certain tracts designated as lot 4 and lot 5, being parts of certain described real estate situated in said LaSalle county, said lot 5 containing ninety-three and one-half acres; that John Hoffman died on the 18th day of April, 1891, leaving his last will and testament, which was duly probated on the fourth day of May, 1891; that the said lot 5 was not devised by said will, but is intestate estate.  The bill then sets up the interests of the several heirs and prays for partition.  A copy of the will, with four codicils, is

attached to and made a part of the bill. The appellants, Maria L. Stodder, Levi L. Stodder and Ida M. Stodder, answered, denying that said lot 5 was intestate estate, and alleging that it was by said will devised to said Maria. The answer also alleged, that on or about the 30th day of December, 1868, said John Hoffman, by his deed of that date, conveyed said lot to his said daughter Maria, and that afterwards, desiring to offer it as security for a loan, he induced her to reconvey said lot to him, which she did without receiving any consideration therefor; that said Levi L. and Mary L. Stodder, by their quit-claim deed, conveyed the undivided one-fourth part of said lot to said Ida M. Stodder. The answer also alleged that said John Hoffman held the title to said property in trust for her, the said Maria, and always spoke of the same and treated the same as her property, which she should have and come into possession of at his death, and that by said will whatever right and title was in decedent at the time of his death passed to and became vested in said Maria L. Stodder, except a one-fourth part which had been conveyed to Ida M. Stodder. Replications were filed, and the cause was referred to the master, who made his report to the court. The court found said lot 5 to be intestate estate, and ordered partition, and from that decree appellants prosecute this appeal.

The will of John Hoffman, made December 12, 1872, contains the following:

"*Statement*—My landed estate did consist of eight hundred acres of land, more or less, (describing it,) in one body, in LaSalle county. * * * The tract north of the railroad was, with my consent, divided into five lots, nearly equal, and designated lots 1, 2, 3, 4 and 5. * * * I intend that ultimately said eight hundred acres shall have been divided into nine shares, approximately equal, so that each of my children now living (being eight in number) shall have received one share, and that the children of my deceased daughter, Mrs. Phœbe Adeline

Beardsley, shall have received one share, as their mother would have done had she lived. In the first place, however, my wife, the mother of my children, is to be provided for. In part execution of this plan of distribution, which I have long contemplated, I have heretofore conveyed to my son Asa M. Hoffman lot No. 2, as designated on that recorded plat of the subdivision of the land north of the railroad, which lot No. 2 contains about ninety-two and one-half acres. I have also conveyed, in pursuance of this plan, to my son John B. Hoffman lot No. 1, as shown on said recorded plat, being about ninety-two and one-half acres, and also to my daughter Maria L. Stodder I have conveyed lot No. 5, as shown on said recorded plat, containing about ninety-three and one-half acres. These three deeds were each made as advancements, and I consider that each of these children have received each their proper share of land, and for that reason I do not give them any more land by this will."

One of the codicils contained this provision: "It being my present intention that all my property shall go to my own children according to the provisions of my will and the codicils thereto attached."

The record shows it to be a fact that John Hoffman had conveyed said lot 5 to his daughter in the year 1868, and that on the 27th day of September, 1875, she reconveyed the same to him by warranty deed, without consideration, and that on October 12, 1875, Levi L. Stodder, her husband, conveyed to said Hoffman all his interest in said lot, by quit-claim deed, for the nominal consideration of one dollar, and that at the time of the reconveyance the land was worth about $4000. While the recital in the will that the testator had conveyed the land in dispute to Mrs. Stodder is true, yet as she had reconveyed the same to him before his death she then had no title, by virtue of such conveyance. In determining the effect to be given to such a recital the case of *Hunt* v. *Evans*, 134 Ill. 496, is a controlling one. The doc-

trine is there stated to be, that where the recital in the will is to the effect that the testator has, by some instrument other than the will, given to a certain person named in the recital, property, when in truth and in fact he has not done so, such an erroneous recital does not disclose a purpose and intent on the part of the devisor to give by the will, and in such case resort must be had to the other instrument, and not to the will, by persons interested. (See, also, *Benson* v. *Hall*, 150 Ill. 60.) Having conveyed the land back to her father in 1875, Maria Stodder can not claim title under the deed to her made by her father in 1868, and under the rule announced in the cases above referred to she cannot claim under the will of her father.

It is equally true that the declaration in the will can not be held to be evidence that a trust had been created. (*Hunt* v. *Evans, supra.*) Appellants sought to establish the trust alleged, by proof of declarations made by John Hoffman after the reconveyance to him. To do this they introduced their own testimony and that of two children of Maria and Levi Stodder. The Statute of Frauds was not pleaded by the appellees, and the objection that the contract was not in writing was thus impliedly waived, (*Finucan* v. *Kendig*, 109 Ill. 198,) and the alleged trust could have been established by parol had the evidence been sufficient. (*Gordon* v. *Reynolds*, 114 Ill. 118.) But Maria L. Stodder was an incompetent witness. Her testimony was to the effect that she reconveyed said lot 5 to her father, John Hoffman, at his request, and without receiving any consideration for such conveyance, and that the deed was made to enable him to raise money on the land by way of mortgage, and that he repeatedly stated to her that the land belonged to her. Levi Stodder, her husband, gave similar testimony, and stated that when he executed the quit-claim deed to John Hoffman, he, said Hoffman, said that it was only temporary,—that the farm was Mida's, (meaning Mrs. Stodder,) and that she would have it eventually; that he would not live much longer,

and that it would not be a great while before Mida would have her farm. He further testified, that after the reconveyance Hoffman spoke to him about having made a will and about a provision in it for Mrs. Stodder, and said that he had divided the land in lots for his children, and that witness' wife was to have lot 5. This testimony had no bearing on the case, except as tending to support the allegation in the answer that John Hoffman held the land in trust for Mrs. Stodder. The complainants were suing as heirs-at-law of said Hoffman, from whom they were claiming the land by descent, as intestate estate, and she being a party defendant, directly interested in the event of the suit, was not competent to give testimony in her own behalf as to what occurred between herself and her father, tending to defeat the descent of the property to such heirs, and she being incompetent her husband was also incompetent. (*Treleaven* v. *Dixon*, 119 Ill. 548; *Way* v. *Harriman*, 126 id. 132; *Shaw* v. *Schoonover*, 130 id. 448.) Ida M. Stodder, being a party and directly interested in the event of the suit, was also incompetent. Excluding this incompetent testimony, the only testimony remaining is that of two children of Mr. and Mrs. Stodder, which, in substance, was that they had heard their grandfather, John Hoffman, speak of the land in question repeatedly as their mother's, and say that she would have it at his death. It is doubtless true that it was his intention to give this land to Mrs. Stodder, and that he thought he had done so by his will; but the will fails to devise it, and there is not sufficient competent evidence in the record to establish the trust contended for.

The decree of the circuit court must be affirmed.

*Decree affirmed.*