IN RE ESTATE OF WILLIAM HOPPER.

WILLIAM C. HOPPER ET AL., APPELLEES, V. DANIEL G. HOPPER, APPELLANT.

FILED JANUARY 3, 1912. No. 16,605.

1. **Wills: PROBATE: EXECUTION: EVIDENCE.** If an instrument purporting to be the will of a deceased person is offered for probate and is signed by the decedent and by two or more persons as witnesses, oral evidence is admissible to prove the circumstances surrounding the execution of the instrument, and that it was in fact executed by the decedent as his will, and that the provisions of the statute in regard to the formal execution of a will were complied with.

2. ———: INCLUSION OF WRITING BY REFERENCE. A writing in existence at the time of executing a will, or made at the same time

and as part of the same transaction, may, by reference, be made a part of the will, if it is described and fully identified by the terms of the will itself.

3. ———: ———: PAROL EVIDENCE. Oral evidence is competent to prove the signatures of witnesses who signed such writing referred to in the will and made a part thereof, and to prove that the writing offered is the same instrument so identified by the signatures of such witnesses.

4. ———: ———: DEVISE: VALIDITY. Certain lands, and the intended devisees, were fully specified and described in deeds executed with the will; these deeds were described and identified in the will and duly witnessed and deposited with the will as a part thereof. The will provided that the lands so deeded to the said grantees therein "shall be held and possessed by them thereafter (after the death of testator) absolutely in fee simple." *Held* a valid devise of the lands so described to the grantees so named.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Smyth, Smith & Schall,* for appellant.

*Baldrige, De Bord & Fradenburg, contra.*

SEDGWICK, J.

An appeal was taken to the district court for Douglas county in the matter of probating a will as the last will of William Hopper, deceased. Upon a trial in that court the will was admitted to probate, and the contestant has appealed.

There were offered, as the will of the deceased, nine several exhibits, the first being a document executed in the ordinary form prescribed by statute for the execution of wills; the second to seventh documents, inclusive, being in form warranty deeds, executed by William Hopper, as grantor, to each of six of his children, respectively, as grantees, and each in form conveying certain real estate to each of the said six children, respectively. Two of said exhibits were executed as codicils to the will of the deceased. The contention is that these six documents

in the form of warranty deeds do not constitute a part of the will and were improperly admitted to probate as such. The case was tried to the court without a jury, and much of the evidence was received under objections that it was incompetent, and many of the questions so presented are reserved and discussed in the briefs. Without discussing these numerous assignments in detail, it is perhaps sufficient to say: First, oral evidence is incompetent to contradict or vary the express terms of any of these written documents; second, oral evidence is competent to explain ambiguous, or otherwise unintelligible, terms and expressions in these documents; third, if a document is offered as the will of a decedent and is signed by the decedent and by two or more competent persons as witnesses, oral evidence is competent to show the circumstances surrounding the execution of the document, and that it was in fact executed by the decedent as his will, and that the provisions of the statute in regard to the manner of its execution were complied with. *Williams v. Miles,* 68 Neb. 463. It may be further observed that some of the examination of witnesses that was objected to was competent for the purpose of showing the knowledge that the witness had in regard to the transaction and his competency as a witness.

It appears that the deceased left nine children and heirs surviving him, and that he desired and intended to divide his property equally among them, so far as was practicable under the existing conditions. He considered that the husband of one of his daughters was irresponsible, and he desired to place the property given to that daughter beyond the reach of her husband. It is not necessary to state the details of his plan to carry out this intention. It resulted in his making specific devises and bequests to this daughter and to one of his sons. To each of his seven other children he executed a deed of real estate as above stated. The eighth paragraph of the first document referred to is as follows: "I have made and executed conveyances by warranty deed of certain of my

remaining lands in Douglas county, Nebraska (not above devised to my two children, Daniel Gilbert Hopper and Lomila McLean) to my other seven children giving to each an equal amount of land in value as near as I am able to estimate the same and said seven deeds to said seven children, to wit: Mary Jane Witte, Bryan B. Hopper, Hanna Crook, Sarah Ellen Spicer, Alice Walsh and William Charles Hopper are hereby delivered to said trustees who are hereafter named as my executors of this my last will and testament and are deposited with this will with the county judge of Douglas county, Nebraska. I direct that upon my death and as soon and immediately after said executors shall be appointed by the county court of said county and have qualified as such executors, said executors hereby made trustees for that purpose shall deliver the said deeds above mentioned to the said grantees therein severally named and that the lands so deeded to said seven children shall be held and possessed by them thereafter absolutely in fee simple. Having in that manner provided for said seven children no specific bequests are made to them hereby."

The seven deeds to each of seven of his children were executed as stated in this paragraph, but in reciting the names of the seven children the name of his daughter Eliza M. Deerson was omitted. This the evidence shows was a mere oversight of the writer of the will. These seven deeds and the principal document describing them were prepared and executed at the same time. Mr. Seymour M. Sadler prepared these documents at the request of the deceased, and also signed them as a witness, together with Mr. Cooper and Mr. Mayne. The deeds were witnessed by Mr. Sadler and Mr. Cooper; and Mr. Mayne, who was a notary public, took the acknowledgment and signed the deed in his capacity as notary public. When these persons were called to witness the will, these several documents were together on the table before the deceased. Two of these witnesses testified that the deceased told them that these papers were his will. Mr. Mayne

does not remember whether the witnesses used that particular expression, but they all agree that they were requested to witness the will of the deceased, and for that purpose they signed all of these documents as witnesses. The deceased first signed all of the documents, and afterwards each of the witnesses signed them all in his presence and in the presence of each other.

Afterwards, the deceased made two several changes in his will by codicil. In the first codicil he recites that he has made other provisions for one of his sons, and he has therefore canceled and destroyed the deed to that son "mentioned in clause No. 8 of said will," and he reaffirms said clause No. 8 "as to the six (6) deeds therein referred to." In the second codicil he makes still another change as to the devise to the same son referred to in the first codicil, but makes no other change in the terms of his will. All of these documents as constituting his will were kept together and by the deceased deposited with the probate court. The six deeds admitted as a part of the will and now being contested were all, as has been seen, executed at the same time with the main document of the will. They were all in existence at the time the will was completed and at the time of the death of the decedent, and were identified beyond question by the signatures of the witnesses and by their oral testimony at the trial. They specify and truly describe the property given to each of the devisees respectively. The language of the eighth paragraph of the will quoted above, "upon my death * * * said executors hereby made trustees for that purpose shall deliver the said deeds above mentioned to the said grantees therein severally named and that the lands so deeded to said seven children shall be held and possessed by them thereafter absolutely in fee simple," is sufficient, when construed with all of the other provisions of the will, to devise the lands specifically identified and described in the documents executed with and a part of the will. Various expressions contained in the will and in the codicils, and circumstances surrounding

the execution of the will are referred to by the contestant as showing that it was the intention of the decedent to transfer the title of these lands by the deeds themselves as such, and not as a part of his will, and it is argued that the deeds by themselves are not a compliance with the statute in regard to the execution of wills and, not having been delivered to the grantees in the lifetime of the decedent, are ineffectual to pass the title. We are satisfied, however, that the will cannot be so construed. It is manifest that these papers together were intended and executed by the deceased as his will, and that the witnesses so understood it from the declarations of the deceased, and so signed these documents as such witnesses at the request of the deceased and in substantial compliance with the provisions of the statute.

The judgment of the district court admitting this will to probate is amply supported, and is

AFFIRMED.