Argued January 18; affirmed February 28, 1939

IN RE WITHAM'S ESTATE
WITHAM *v.* WITHAM ET AL.

(87 P. (2d) 651)

*Mark V. Weatherford* and *Orval Thompson*, both of Albany (Weatherford & Thompson, of Albany and Fred McHenry and Walter T. Durgan, both of Corvallis, on the brief), for appellant.

*Lester Oehler* and *Karl Huston*, both of Corvallis, for respondents.

BAILEY, J. This case is here on appeal from a decree or order of the circuit court for Benton county rejecting the claim of the contestant, George E. Witham, that the last will and testament of Elvin Witham, deceased, should be construed as incorporating in the said will by reference a deed executed, but not delivered, by the decedent, wherein George E. Witham is named as the grantee.

Elvin Witham died testate January 26, 1935, and on February 6 of that year his last will was admitted to probate in common form, and Martha B. Witham, widow of the decedent, was appointed executrix. The last will of the decedent, after providing that all his just debts and funeral expenses be paid, contained the following two paragraphs:

"Second: I do give, devise and bequeath unto my children, Charles E. Witham and George E. Witham, the sum of one dollar ($1.00) each. I make no larger devises or bequests to my said sons for the reason that I have heretofore transferred and conveyed to each of my said sons certain parcels of my real property which I consider their fair proportion of my estate.

"Third: All of the rest, residue and remainder of my property, real, personal and mixed and wheresoever situate, I do give, devise and bequeath unto my beloved wife, Martha B. Witham."

George E. Witham and his brother, Charles E. Witham, sons of the decedent and Martha B. Witham, on February 6, 1936, one year from the date the will was admitted to probate, filed a petition in the county court for Benton county, in which petition the execution of the will by the decedent and the admitting of the will to probate are alleged. It is further set forth therein that on July 6, 1932, Elvin Witham and Martha B. Witham made, executed and acknowledged two war-

ranty deeds, one naming Charles E. Witham as grantee and the other naming George E. Witham grantee, which deeds purported to convey to the said grantees an aggregate of 304.91 acres of land described by metes and bounds in the petition; that "thereafter and prior to the time the said decedent Elvin Witham purported to make, publish and declare said last will and testament, the said Elvin Witham did and performed certain acts, the exact nature of which are unknown to this petitioner, but well known to said Martha B. Witham, whereby the said Elvin Witham purported to deliver the said deeds, executed and acknowledged as aforesaid to the said Martha B. Witham, to be delivered to your petitioners upon the death of the said Elvin Witham; that at all times thereafter and at the time he purported to make, publish and declare said last will and testament, and until the time of his death, the said Elvin Witham believed that he had sufficiently executed and delivered said deeds." It is next alleged in the petition that the said Elvin Witham "had not sufficiently delivered the said deeds, and the same were never delivered prior to the death of the said Elvin Witham."

The petition then mentions and sets forth *in haec verba* the second paragraph of the decedent's will, hereinabove quoted, and further avers that the recital in said provision of the will concerning the prior conveyance of certain parcels of real property to his sons had reference to the attempted conveyance by deeds of the property described in the petition; and that at the time of making the said will Elvin Witham believed that the said deeds had been sufficiently made, executed and delivered to transfer to the petitioners the property described in the petition "and but for said belief [he] would not have purported to make, publish and declare such last will and testament."

The value of the estate including the real property described in the petition is set forth as $75,000, and the value of the real property sought to be conveyed by the two deeds is placed at $50,000. The concluding part of the petition states that the testator did not intend to disinherit the petitioners but that if the said purported will "be admitted to probate, your petitioners will be disinherited and will receive nothing from said estate except the sum of $1.00 each." The original prayer of the petition, which was not amended or changed until after the conclusion of the trial, some three years later, asked "that the order admitting to probate said pretended will be set aside and revoked; that the letters testamentary heretofore issued to the said Martha B. Witham be revoked; that said Elvin Witham be decreed to have died intestate . . ."

Prior to the filing of this petition to revoke the will of Elvin Witham, deceased, Martha B. Witham as plaintiff instituted a suit in the circuit court for Benton county against George E. Witham, his wife and certain other individuals as defendants to have set aside and canceled a purported deed from Elvin Witham and Martha B. Witham, his wife, to said George E. Witham, and to have the title to said property quieted in the plaintiff as against all the defendants. In the complaint it was alleged that Elvin Witham died on the date hereinabove mentioned and that at the time of his death he was the owner of certain real property, the description of which identifies it as the property later described in the said petition. The complaint in that suit further alleged that the plaintiff was the widow of Elvin Witham, deceased; that the last will of said decedent had been admitted to probate; that the said widow had been appointed executrix thereof; and that all the property belonging to the said decedent

except the sum of $1.00 each bequeathed to Charles E. Witham and George E. Witham had been devised and bequeathed to the widow of the decedent. It was further alleged that by virtue of a certain deed dated July 6, 1932, and recorded in the deed records of Benton county, Oregon, the defendant George E. Witham was unjustly claiming title in fee simple to the premises described in said deed, which premises appear from the deed itself to be the west one-half of the real property of which Elvin Witham died seised; "that said deed was never delivered by Elvin Witham to George E. Witham, or at all, that by reason that the said deed was never delivered it is null and void."

After setting forth that the defendants claimed some estate or interest in the said property adverse to the estate of Elvin Witham, deceased, and adverse to the plaintiff the prayer was that the deed be canceled, that plaintiff be adjudged to be the owner in fee simple of the property described in the complaint, and that the defendants be forever enjoined and barred from asserting any claim in and to the said property, and for further relief.

On December 26, 1935, George E. Witham and his wife filed an amended answer to the complaint in the said suit, in which the defendant George Witham claimed to be the owner of the west one-half of the premises therein described, by virtue of the deed referred to in the complaint, which is the identical deed sought in the proceedings before us to have incorporated in and made a part of the last will and testament of Elvin Witham, deceased. As a further defense in the suit to quiet title, George Witham alleged a family agreement and settlement between Elvin Witham and his wife, Martha B. Witham, whereby Martha B.

Witham agreed in consideration of Elvin Witham's devising and bequeathing certain property to her that she would join in the deeds from him to their two sons, George and Charles, conveying to the sons the property described in the respective deeds, and would deliver said deeds thereafter executed to the said sons and would undertake to see that the said agreement be carried out and that upon the death of Elvin the deeds would be delivered to the said sons and possession of the property turned over to them. The answer further avers that the said Elvin Witham would not have made and executed his last will and limited the bequest to his sons to one dollar each, had he not relied upon the agreement between himself and his wife and the undertaking on her part to carry out such agreement.

The amended answer further sets forth that pursuant to such family agreement Martha B. Witham did, after the death of Elvin Witham, turn over to the defendant George Witham the deed so executed by Elvin Witham and his wife to him, which deed was the one sought to be canceled and held for naught in the said suit; and that because of the said agreement and such delivery of the deed by plaintiff to George Witham the plaintiff should not be permitted to deny that the said George Witham is the owner of and entitled to possession of the property involved in that suit. In the prayer the defendants George Witham and his wife asked that the suit be dismissed and that George Witham be decreed to be the owner in fee simple of the real property described in the deed wherein Elvin Witham and his wife were named as grantors and the said George Witham was designated as grantee.

The affirmative matter in the amended answer was put in issue and upon the trial of the case in the circuit

court a decree was entered canceling the said deed from Elvin and Martha Witham to George Witham and further decreeing that said George Witham and his wife had no interest in and to said property and forever enjoining and debarring the defendants, George Witham and his wife, from asserting any claim whatever in or to the said real property or any part thereof, adverse to the plaintiff. An appeal was prosecuted from that decree to this court, and on March 23, 1937, the written opinion of this court affirmed the decree of the circuit court: *Witham v. Witham*, 156 Or. 59, 66 P. (2d) 281, 110 A. L. R. 253.

While that suit in equity was pending, the petition filed by the sons of the decedent Elvin Witham appears to have remained dormant. On June 29, 1937, the proceedings to revoke the will were, by order of the county court, transferred to the circuit court for Benton county, pursuant to chapter 257, Oregon Laws 1937.

Thereafter Martha B. Witham, appearing both in her capacity as executrix of the estate of the decedent and individually, filed substantially identical answers to the petition of Charles E. Witham and George E. Witham to revoke the will of Elvin Witham, deceased, denying the allegations of the petition and as one of her affirmative defenses setting forth the proceedings had in the suit to quiet title, hereinbefore referred to, and alleging that the matters sought to be litigated in the proceedings now pending before us on appeal were therein adjudicated and determined adversely to the petitioners; and "that by reason of the admissions and allegations in the pleadings in said cause and of the facts and matters therein determined and adjudicated and the decree therein entered, said petitioner, George E. Witham, was and is estopped from claiming that the

will of said Elvin Witham, deceased, referred to in said petition, is not the last will and testament of said deceased."

When the instant cause came on for hearing before the circuit court the petitioners apparently abandoned the theory which they had in mind at the time the petition was filed to revoke the will, and sought to have the court construe the will of Elvin Witham, deceased, as incorporating therein the respective deeds from Elvin Witham and Martha B. Witham, his wife, to Charles E. Witham and George E. Witham. The ruling of the court cast upon the proponents the burden of proving the will in solemn form, and after the execution of the will was proved by uncontroverted testimony and the capacity of the testator to make a will was admitted by the petitioners, evidence was introduced by the petitioners to support their contention that the deeds above mentioned were intended by the testator to be a part of his will. At the close of the testimony the petitioners were permitted, over the objection of the proponents, to amend the prayer of their petition to ask that the order admitting the will in common form be set aside and that the deeds here in question be admitted to probate as part of the last will of said Elvin Witham, deceased. Before final decree and upon stipulation of the attorneys representing the litigants, the proceedings were dismissed as to Charles E. Witham.

The trial court found, among other things, that the deeds in question were "retained by Elvin Witham in his possession until his death; that the descriptions contained in said deeds, and each of them, were erroneous and not in accordance with the intention of the grantors therein, particularly the intention of the testator, Elvin Witham; that the testator, Elvin Witham, discovered

said error shortly before his death and at that time instructed his wife that said deeds were wrong and that she was to destroy them in the event of his death and that she was not to deliver said deeds; that it was not the intention of said testator that said deeds should be included in and made a part of said last will and testament; that at no time did said testator, Elvin Witham, intend that the real property as described in said deeds be conveyed or devised to said contestant and his brother, Charles E. Witham.''

The principal question before this court for decision is: Were the deeds in question intended by the testator to be incorporated by reference therein as part of his last will? In a similar situation, *Noble v. Tipton,* 219 Ill. 182, 76 N. E. 151, 3 L. R. A. (N. S.) 645, the provision of the will was that the testator devised and bequeathed to his sons the remainder of his estate ''both real and personal, excepting the home farm, containing 503½ acres, which I have heretofore deeded to my son Thomas.'' The deed to this property had already been executed and was in possession of a custodian who delivered it to the grantee a few days after the death of the testator. After holding that there was not a sufficient delivery of the deed to pass title of the property to the grantee, the court said:

''The argument is that the testator could not be presumed to intend to die intestate as to any part of his property, and that by the will be evinced an intention to devise the farm to his son Thomas, who would therefore take it by implication under the will. The rule on that subject is that, where a recital in a will is to the effect that the testator has devised something in another part of the will when in fact he has not done so, the erroneous recital may operate as a devise by implication of the same property, for the reason that it shows an intention to devise the property by the will;

but where the recital is to the effect that the testator has by some other instrument given to a certain person named in the recital, property, when in fact he has not done so, such a recital does not disclose an intention to give by the will; and in such a case resort must be had to the other instrument, and not to the will: Hunt ex rel. Streator v. Evans, 134 Ill. 496, 11 L. R. A. 185, 25 N. E. 579; Benson v. Hall, 150 Ill. 60, 36 N. E. 947; Stodder v. Hoffman, 158 Ill. 486, 41 N. E. 1082. The recital in this case is that the testator had deeded the home farm to his son Thomas, and the courts can not give that recital the effect of a devise. Nor does the recital aid in establishing that there had been a valid delivery of the deed so as to make it operative as such: Lange v. Cullinan, 205 Ill. 365, 68 N. E. 934.''

It is argued by the appellant that what we have just quoted from *Noble v. Tipton*, supra, is dictum, for the reason that the question there passed upon was not involved in the case, and that the only question raised was that of delivery of the deed. We do not, however, so construe that decision. At least, the court apparently was of the opinion that that point was material to a determination of the cause. The following decisions hold generally in accord with the excerpt above quoted from *Noble v. Tipton: Allenbach v. Ridenour,* 51 Nev. 437, 279 P. 32; *Hunt ex rel. v. Evans,* 134 Ill. 496, 25 N. E. 579, 11 L. R. A. 185; *In re Bagot,* 3 Ch. 348; Page on Wills, § 468; *Witham v. Witham,* 156 Or. 59, 66 P. (2d) 281, 110 A. L. R. 253, 264 (note).

In the instant case the recital in the will that the testator had ''transferred and conveyed'' to each of his sons ''certain parcels'' of real property does not disclose an intention on the part of the testator to devise the said parcels of real property to his sons, by the will. It is possible that at the time he executed the will he thought that the deeds had already been delivered or

that they would be delivered prior to his death. Later, however, according to the evidence which supports the findings of the trial court, the testator discovered before his death that there had been an error in describing the property which he at one time intended to convey by deed to his two sons, and he instructed his wife to destroy the two deeds.

In *Witham v. Witham*, supra, the question now before us for decision was thoroughly considered and the conclusion was then reached that the deeds from Elvin Witham to his two sons were not by the testator incorporated in his will. It is not here necessary to determine whether what was said in that case was dictum or was essential to a disposition of the matters there involved, for the reason that we have reconsidered the subject and have arrived at the same conclusion that is therein stated.

It is worthy of note that while the case of *Witham v. Witham*, supra, was pending in the circuit court and one of the deeds around which the present controversy centers was therein sought to be set aside and canceled, the appellant herein, with his brother, Charles, filed the petition involved in this appeal, to revoke the testator's will, without attempting to have the final disposition of the case of *Witham v. Witham*, supra, postponed until the probate court should determine the issues raised by the petition to revoke the will, although on appeal therein he contended, as he here argues, that the probate court has original and exclusive jurisdiction to construe wills in the first instance.

Regardless of that contention, in the reply brief filed by George Witham and his wife on the appeal in *Witham v. Witham*, supra, there was set forth under points and authorities the following statement: "A

testator may incorporate a written instrument by reference in his will and the instrument may thus be made a part of the will and should be probated as such.'' And in support of that assertion many of the same authorities are cited that are relied upon by the appellant in the instant case.

The following authorities are relied upon principally by the appellant here: *In re Hopper's Estate,* 90 Neb. 622, 134 N. W. 237; *Newton v. Seaman's Friend Society,* 130 Mass. 91, 39 Am. Rep. 433; *Fickle v. Snepp,* 97 Ind. 289, 49 Am. Rep. 449; *Merrill v. Boal,* 47 R. I. 274, 132 Atl. 721, 45 A. L. R. 830; *Linney v. Cleveland Trust Company,* 30 Ohio App. 345, 165 N. E. 101. We do not believe that the tenor of the decisions relied upon by the appellant is in conflict with the conclusion which we have here reached.

*In re Hopper's Estate,* supra, involved a will stating that the testator had executed conveyances of certain of his remaining lands and that such conveyances ''are hereby delivered'' to the trustees named in the will, who were directed upon the death of the testator to deliver the deeds to the grantees therein severally named, ''and that the land so deeded to said seven children shall be held and possessed by them thereafter absolutely in fee simple.''

The testator in *Fickle v. Snepp,* supra, directed payment of his just debts, including whatever might be due for principal and interest upon five notes ''which I have this day made to five of my children''. The court there held that the testator intended by his will that the amounts of the said notes should be paid out of his estate.

In *Newton v. Seaman's Friend Society,* supra, one of the codicils of the will directed the executors ''to pay

the several legacies mentioned in my wills and codicils as near as possibly convenient, according to the directions written in a book by Melvin W. Pierce, signed by me, Alexander DeWitt, and witnessed by said Melvin W. Pierce." It was therein decided that the directions contained in the book should be regarded as part of the will.

■ The annotation to *Witham v. Witham*, supra, in 110 A. L. R. at page 264 states what seems to be the general rule, as follows:

"With the possible exceptions noted *infra*, but reconcilable, in most instances, with the general rule herein set out by resorting to the specific wording of the will construed, the decisions on the question of the effect of a recital in a will of a conveyance of land which was not in fact made, or which proved to be ineffectual, seem uniformly to hold that such recital will not operate as a devise, but that the rights of persons interested must be determined by resort to the instrument referred to."

We have not deemed it necessary on this appeal to pass upon certain questions raised by the respondents which relate to matters of procedure.

The decree appealed from is affirmed.

BELT and LUSK, JJ., concur.

RAND, C. J., dissents.