## In Re BURKMAN'S ESTATE
BURKMAN, Appellant, v. BURKMAN, Respondent
(28 N. W.2d 839)
(File No. 8922. Opinion filed September 23, 1947.)

**T. R. Johnson,** of Sioux Falls, for Appellant.

**R. G. May** and **Nils A. Boe,** both of Sioux Falls, for Respondent.

SICKEL, P.J., Erik Burkman, a resident of Minnehaha county, died on June 3, 1945. His heirs consisted of Albin Burkman, a son of the first marriage, and Martin Burkman, son of a second marriage. Decedent left a will which was admitted to probate. The estate consisted of a note for $10,000 executed by the son Martin Burkman and his wife, and secured by a mortgage on a quarter section of land in Minnehaha county which decedent had conveyed to Martin

Burkman, mortgagor; also a residence in Brandon, some cash, bonds and other small items of property. The final decree of the county court recites:

"It further appearing that Martin Burkman has made objections to the distribution of the real estate mortgage described in paragraph Seven of the final report on the ground that said mortgage had been cancelled by the terms of said Will, and this Court having duly considered the said objections it is hereby ORDERED that such objections be, and the same are hereby, overruled."

The decree distributed the entire estate to the son Albin. Martin Burkman then appealed to the circuit court where the matter was tried de novo. It was there decided:

"That by the terms of said Will, the testator did not cancel the said note and mortgage hereinbefore described, and said note and mortgage are now in full force and effect and are the property of Albin Burkman."

The final decree of the county court was affirmed, and Martin Burkman has appealed to this court.

The provisions of the will so far as they are material to this controversy are as follows:

"Second: I have had many dealings with my son, Martin Burkman of Brandon, South Dakota, and as a result of such dealings he was indebted to me for rents and the use of my farm land, and I have sold and transferred said farm to him at a price considerably less than the fair market value thereof, and have also forgiven him and cancelled any and all indebtedness that he might be owing, or might have been owing to me, and in view of the premises it is my wish and desire that he take nothing under this Last Will and Testament.

"Third: All the rest and residue of my property, real, personal and mixed, wheresoever the same may be found, I give, devise and bequeath to my son Albin Burkman of Corson, South Dakota, to him, his heirs and assigns forever."

Appellant contends that these provisions of the will expressly cancelled the note and mortgage, on the theory that they constitute a specific bequest of the note and mortgage

to appellant. Respondent contends that the will contains no bequest to Martin Burkman at all, but disinherits him and explains the testator's reason for doing so.

■ The general rule is stated in Noble v. Tipton, 219 Ill. 182, 76 N. E. 151, 152, 3 L. R. A. ,N. S., 645, 648, as follows:

"* * * Where a recital in a will is to the effect that the testator has devised something in another part of the will when in fact he has not done so, the erroneous recital may operate as a devise by implication of the same property, for the reason that it shows an intention to devise the property by the will; but where the recital is to the effect that the testator has by some other instrument given to a certain person named in the recital, property, when in fact he has not done so, such a recital does not disclose an intention to give by the will, and in such a case resort must be had to the other instrument and not to the will."

To the same effect see Hunt v. Evans, 134 Ill. 496, 25 N. E. 579, 11 L. R. A. 185; Zimmerman v. Hafner, 81 Md. 347, 32 A. 316; Koger v. Koger, 92 S. W. 1167, 29 Ky. Law Rep. 687; 69 C. J., Wills, § 1124.

■ The second paragraph of the will provides that any and all indebtedness owing by Martin Burkman to the testator has been forgiven and cancelled. This language does not constitute a testimentary bequest to Martin. Neither is it the recital of a gift which the testator has erroneously assumed was contained in another part of the will. It does not show an intention of the testator to make a bequest of the note and mortgage by the will, and therefore does not constitute a bequest by implication.

Judgment affirmed.